ACCEPTED
06-14-00100-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/17/2015 8:17:28 AM
DEBBIE AUTREY
CLERK

NO. 06-14-00100-CV

IN THE COURT OF APPEALS
FOR THE SIXTH DISTRICT OF TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
8/17/2015 8:17:28 AM
DEBBIE AUTREY
Clerk

MARK MUELLER
Appellant

v.

JAMES H. DAVIS, INDIVIDUALLY AND D/B/A JD MINERALS
AND JDMI, LLC
Appellees

Appeal from the 71st Judicial District Court
Of Harrison County, Texas
Cause No. 11-0858
The Honorable Brad Morin Presiding

APPELLEES' REPLY BRIEF

**ORAL ARGUMENT NOT REQUESTED**

| | |
|---|---|
| Douglas D. McLallen, Sr. | Marshall C. Wood |
| State Bar No. 00788025 | State Bar No. 00797690 |
| Anderson, Lehrman, Barre, | Norton & Wood, LLP |
| and Maraist LLP | 315 Main Street |
| Gaslight Square | Post Office Box 1808 |
| 1001 Third St, Suite 1 | Texarkana, Texas 75504 |
| Corpus Christi, TX 78404 | Telephone: (903) 823-1321 |
| Telephone: 361-884-4981 | Facsimile: (903) 823-1325 |
| Facsimile: 361-884-2822 | Email: marshall@nortonandwood.com |
| Email: dmclallen@albmlaw.com | |

ATTORNEYS FOR APPELLEES

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to the Texas rule of Appellate Procedure 38, Appellee submits the following list of the parties, their designations, and their counsel in this appeal.

| | |
|---|---|
| Appellant: | Mark Mueller |
| Counsel for Appellant: | Mr. Bob Whitehurst<br>State Bar No. 21358100<br>Whitehurst & Whitehurst<br>5380 Old Bullard Road, Suite 600, #363<br>Tyler, Texas 75703 |
| Appellees: | James H. Davis, Individually and d/b/a JD Minerals and JDMI, LLC |
| Counsel for Appellees: | **Mr. Douglas D. McLallen, Sr.**<br>State Bar No. 00788025<br>ANDERSON, LEHRMAN, BARRE<br>  & MARAIST LLP<br>Gaslight Square<br>1001 Third Street, Suite 1<br>Corpus Christi, TX 78404<br>Telephone:  361-884-4981<br>Facsimile:   361-884-2822<br>Email: dmclallen@albmlaw.com<br><br>**Mr. Marshall C. Wood**<br>State Bar No. 00797690<br>Norton & Wood, LLP<br>315 Main Street<br>Post Office Box 1808<br>Texarkana, Texas 75504<br>Telephone: (903) 823-1321<br>Facsimile:  (903) 823-1325<br>Email: marshall@nortonandwood.com |

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT ON ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      I.     Are the "county-wide" or blanket property descriptions at issue valid under the statute of frauds (or as an exception to the statute of frauds) and unambiguous where the Grantor conveys all his property in a defined geographic area?

      II.    If the answer to Issue No. I is in the affirmative, do the 1991 deeds at issue conform to the requirements of a valid blanket and unambiguous conveyance?

      III.   If the answer to issue No. I and No. II are in the affirmative, can parol evidence be considered to create an ambiguity in an unambiguous blanket conveyance?

      IV.   Do the deeds in question contain blanket ("county-wide") property descriptions, specific survey-wide descriptions and a separate and distinct habendum or Mother Hubbard clause?

      V.    If the answer to issue No. IV is in the affirmative, does the record demonstrate repugnance between the general ("county-wide") and specific (Survey-wide) grants?

      VI.   Does Appellant, who is not in privity with Appellee, have standing to challenge the deeds at issue based on alleged misconduct or lack of

consideration?

VII.   Do any of Appellant's authorities challenge or limit the precedent upholding county-wide/blanket conveyances cited?

   A.   Do some of the authorities cited by Appellant, in fact, support the compliance of county-wide/blanket property description with the statute of frauds?

VIII.   Was Notice of The Contents of the Deeds Imputed to Appellant Upon Filing of the Deeds in 1991 Pursuant to Texas Property Code §13.002?

IX.   Sanctions - Frivolous Appeal – Based on Appellant's disregard of the unrefuted and contested authorities supporting Appellees' position on the validity of the deeds, is Appellant's appeal frivolous because Appellant could have no reasonable grounds to believe that the trial court's judgment would be reversed?

X.   If the answer to Issue No. IX is in the affirmative, what are the "just damages" to be awarded Appellees in defending this frivolous appeal under Rule 45?

STATEMENT OF THE FACTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

   I.   The "county-wide" or blanket property descriptions at issue are valid under the statute of frauds (or as an exception to the statute of frauds) and unambiguous where the Grantor conveys all his property in a defined geographic area.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

   II.   The answer to Issue No. I should be in the affirmative.  The 1991 deeds at issue conform to the requirements of a valid blanket and unambiguous conveyance.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

iii

III.     Parol evidence cannot be considered to create an ambiguity in an unambiguous blanket conveyance as a matter of law... . . . . . . . . . . 26

IV.      The deeds in question contain blanket ("county-wide") property descriptions, specific survey-wide descriptions and a separate and distinct habendum or Mother Hubbard clause.  Appellees claims under the blanket descriptions, not the habendum clause. . . . . . . . . 35

V.       The record does not demonstrate repugnance between the general ("county-wide") and specific (survey-wide) grants.  Therefore, the general grant enlarges the specific.. . . . . . . . . . . . . . . . . . . . . . . . . . 41

VI.      Appellant, who is not in privity with Appellees, has no standing to challenge the deeds at issue based on alleged misconduct or lack of consideration.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

VII.     None of Appellant's authorities challenge or limit the precedent upholding county-wide/blanket conveyances cited by Appellees.. . 49

         A.       Several of the authorities cited by Appellant, in fact, support the compliance of county-wide/blanket property description with the statute of frauds.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

VIII.    Appellant was on Notice of the Entire Contents of the Deeds Upon Filing of the Deeds in 1991 Pursuant to Texas Property Code §13.002... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

IX.      Sanctions - Frivolous Appeal – Based on Appellant's disregard of the unrefuted and contested authorities supporting Appellees' position on the validity of the deeds, Appellant's appeal frivolous because Appellant could have no reasonable grounds to believe that the trial court's judgment would be reversed.. . . . . . . . . . . . . . . . . . . . . . . 62

X.       The "just damages" to be awarded Appellees in defending this frivolous appeal under Rule 45 should be the attorneys fees and costs incurred in responding to the appeal.. . . . . . . . . . . . . . . . . . . . . . . . 67

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

Tab 1 – Affidavit of Marshall Wood

Tab 2 – Affidavit of Douglas D. McLallen

**TABLE OF AUTHORITIES**

**<u>Cases</u>**

*AIC Mgmt. v. Crews*, 246 S.W.3d 640 (Tex. 2008). . . . . . . . . . . . . . . . . . . . . . 57

*Altman v. Blake*, 712 S.W.2d 117 (Tex. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Baker v. Smith,* 407 S.W.2d 4 (Tex. Civ. App. – Fort Worth 1966, no writ). . . . . 22

*Berger v. Berger,* 578 S.W.2d 547
(Tex.Civ.App.Houston [1st Dist.] 1979, no writ). . . . . . . . . . . . . . . . . . . . . . 47

*Best Investment Co. v. Francis*, 453 S.W.2d 893
(Tex. Civ. App. – Eastland 1970, writ ref'd, n.r.e.). . . . . . . . . . . . . . . . 17, 21, 29

*Brandt v. West*, 892 S.W.2d 56
(Tex. App. – Houston [1st Dist] 1994, writ denied). . . . . . . . . . . . . . . . . . . . . . 64

*Brigham v. Thompson*, 12 Tex. Civ. App. 562, 34 S.W.2d 358
(Tx.App. – Dallas 1896). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 29

*Bullock v. Sage Energy Co.*, 728 S.W.2d 465
(Tex. App. – Austin 1987, writ ref'd n.r.e). . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

*Burgess v. Sylvester*, 143 Tex. 25, 28, 182 S.W.2d 358 (1944). . . . . . . . . . . . . . . 27

*Center Point Energy Houston Elec., L.L.P. v. Old TJC Co.*, 177 S.W.3d 425
(Tex. App. Houston [1st Dist.] 2005, pet. denied). . . . . . . . . . . . . . . . . . . . . . 31

*City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515
(Tex. 1968). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*City of The Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699
(Tex. App. - Fort Worth 2008, pet. dism'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Coe v. Chesapeake Exploration, L.L.C.*, 695 F.3d 311

(5th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 20, 23, 26

*Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909
(Tex. 2013), reh'g denied (Feb. 14, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Compass Expl., Inc. v. B-E Drilling Co.*, 60 S.W.3d 273
(Tex. App. – Waco 2001, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

*Cook v. Smith,* 107 Tex. 119, 174 S.W. 1094 (1915). . . . . . . . . . . . . . . . . . . . . 25

*Cosgrove v. Cade*, 14-0346, 2015 WL 3976719 (Tex. June 26, 2015). . . . . . . 2, 62

*Cullers v. Platt*, 81 Tex. 258 (1891). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

*Davis v. Campbell,* 524 S.W.2d 790 (Tex. Civ. App. - Dallas 1975, no writ). . . . 48

*Dixon v. Amoco Prod. Co.,* 150 S.W.3d 191
(Tex. App.—Tyler 2004, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

*Douglass v. Texas-Canadian Oil Corp.,* 141 Tex. 506, 174 S.W.2d 730 (1943). 53

*Eland Energy, Inc. v. Rowden Oil & Gas, Inc.,* 914 S.W.2d 179
(Tex. App. - San Antonio 1995, writ denied). . . . . . . . . . . . . . . . . . . . . . . 48

*Fears v. Texas Bank*, 247 S.W.3d 729
(Tex. App.– Texarkana 2008, pet. den'd). . . . . . . . . . . . . . . . . . . . . . . . 52, 53

*Finkelstein v. Carpenter*, 795 S.W.2d 897
(Tex. App.—Beaumont 1990, writ denied). . . . . . . . . . . . . . . . . . . . . . . . 27

*Garcia v. Garcia*, 04-05-00538-CV, 2006 WL 1684742
(Tex. App.—San Antonio June 21, 2006, pet. denied). . . . . . . . . . . . . . . 28, 44

*Greer v. Greer*, 144 Tex. 528, 191 S.W.2d 848 (1946). . . . . . . . . . . . . . . . . . 20

*Grohman v. Kahlig*, 318 S.W.3d 882 (Tex. 2010). . . . . . . . . . . . . . . . . . . . . 27

*Gulf Production Co. v. Spear*, 125 Tex. 560, 84 S.W.2d 452
(Comm'n App. 1935). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Hancock v. Butler*, 21 Tex. 804 (1858). . . . . . . . . . . . . . . . . . . . . . . . . . . 42

*Harlan v. Vetter*, 732 S.W.2d 390
(Tex. App. – Eastland 1987, writ ref'd n.r.e.). . . . . . . . . . . . . . . . . . . 17, 18

*Hicks v. Pilgrim Poultry, G.P.*, 299 S.W.3d 249
(Tex. App.—Texarkana 2009, no pet.). . . . . . . . . . . . . . . . . . . . . . . . 27

*Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91 (Tex. 1999). . . . . . . . . . . . . . . 27

*Holloway's Unknown Heirs v. Whatley*, 104 S.W.2d 646
(Tex. Civ. App. – Beaumont 1937) *aff'd*, 137 Tex 608 (1939). . . . . . . . . . 20, 42

*Hunt v. CIT Grp./ Consumer Fin., Inc., No.* 03-09-00046-CV, 2010 WL 1508082,
(Tex. App. - Austin Apr. 15, 2010, pet. denied) (mem. op.). . . . . . . . . . . . 69, 70

*In re Cornerstone E&P Company, L.P.*, 436 B.R. 830, 843 *supplemented*, 436
B.R. 865 (Bankr. N.D. Tex. 2010). . . . . . . . . . . . . . . . . . . . . . 18, 22, 23, 24, 26

*In re J.G.W.*, 54 S.W.3d 826 (Tex. App.—Texarkana 2001, no pet.). . . . . . . . . . 16

*J. Hiram Moore, Ltd. v. Greer*, 172 S.W.3d 609 (Tex. 2005). . . . . . . 14, 44, 45, 46

*Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150 (Tex. 2004). . . . . . . . . . . 16

*Jones v. Carver*, 59 Tex. 293 (1883). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53, 54

*Jones v. Colle*, 727 S.W.2d 262 (Tex. 1987). . . . . . . . . . . . . . . . . . . . . . . 41, 58

*Jones v. Kelly*, 614 S.W.2d 95 (Tex. l981). . . . . . . . . . . . . . . . . . . . . . . . . 52, 53

*Katz v. Bakke*, 265 S.W.2d 686
(Tex. Civ. App.—San Antonio 1954, writ ref'd). . . . . . . . . 28, 31, 34, 40, 42, 44

*Keith v. Solis*, 256 S.W.3d 912 (Tex. App. – Dallas 2008, no pet.). . . . . . . . . . . 66

*Lauchheimer v. Saunders*, 65 S.W. 500 (1901, no writ).. . . . . . . . . . . . . . 59, 60

*Lee v. Aurora Loan Services, LLC,* No. 06-08-00077-CV, 2009 WL 167067
(Tex. App.—Texarkana Jan. 27, 2009, no pet.). . . . . . . . . . . . . . . . . . . . . 66, 69

*Little v. Texas Dept. of Criminal Justice*, 148 S.W.3d 374 (Tex. 2004). . . . . . . . 16

*Luckel v. White*, 819 S.W.2d 459 (Tex. 1991). . . . . . . . . . . . . . . . . . . . 26, 30, 31

*Madera Prod. Co. v. Atlantic Richfield Co.,* 107 S.W.3d 652
(Tex. App. - Texarkana 2003, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . 48

*Matney v. Odom,* 147 Tex. 26, 210 S.W.2d 980 (1948). . . . . . . . . . . . . . . 20, 51, 52

*May v. Buck*, 375 S.W.3d 568 (Tex. App.—Dallas 2012, no pet.).. . . . . . . . . . . . 27

*Mid-Continent Cas. Co. v. Safe Tire Disposal Corp.*, 2 S.W.3d 393
(Tex. App. – San Antonio 1999, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . 63

*Miles v. Lee Anderson Co.*, 339 S.W.3d 738
(Tex. App. Houston [1st Dist.] 2011, no pet.). . . . . . . . . . . . . . . . . . . . . . . . 16

*Morrow v. Shotwell*, 477 S.W.2d 538 (Tex. 1972). . . . . . . . . . . . . . . . . . . . 20, 57

*MPH Prod. Co., Inc. v. Smith*, 06-11-00085-CV, 2012 WL 1813467
(Tex. App.—Texarkana May 18, 2012, no pet.). . . . . . . . . . . . . . . . . . . . . . 30

*Myers v. Gulf Coast Minerals Mgmt. Corp.*, 361 S.W.2d 193 (Tex. 1962). . . . . . 26

*Nobles v. Marcus,* 533 S.W.2d at 927 (Tex. 1976).. . . . . . . . . . . . . . . . . . . . 48

*O'Herin v. Neal,* 56 S.W.2d 1105 (Tex.Civ.App. – Texarkana, writ ref'd).. . 33, 35

*Owen v. Jim Allee Imps., Inc.*, 380 S.W.3d 276
(Tex. App. – Dallas 2012, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64, 68

*Patterson v. Twaddell*, 301 S.W.2d 680
(Tex. Civ. App. – Amarillo 1957, writ ref'd n.r.e.). . . . . . . . . . . . . . 17, 18, 29

*Peacock v. Schroeder*, 846 S.W.2d 905
(Tex. App.—San Antonio 1993, no writ). . . . . . . . . . . . . . . . . . . . . 61

*Perry Homes v. Cull*, 258 S.W.3d 580 (Tex. 2008). . . . . . . . . . . . . . . . . . . . 32

*Pfeiffer v. Lindsay*, 66 Tex. 123, 124, 1 S.W. 264 (1886). . . . . . . . . . . . 20, 54, 55

*Pick v. Bartel*, 659 S.W. 2d 636 (Tex. 1983). . . . . . . . . . . . . . . . . . . . . . . 50

*Pickett v Bishop*, 148 Tex. 207, 223 S.W.2d 222 (Tex. 1949). . . . . . . . . . . . . . 19

*Progressive County Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805 (Tex. 2009). . . . . . 16

*Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211 (Tex. 2003). . . . . . . . 16

*Ragsdale v. Mays*, 65 Tex. 255 (1886). . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Ray v. Elder*, 2007 WL 1532704 (Tex. App. – Tyler 2007, no writ). . . . . . . . 18, 22

*Remuda Oil Co. v. Wilson*, 264 S.W.2d 192
(Tex. Civ. App. – Galveston 1954, writ ref'd n.r.e.). . . . . . . . . . . . . . . . 34, 35

*Republic National Bank of Dallas v. Stetson*, 390 S.W.2d 257 (Tex. 1965).. . . . 52

*Riggins v. Hill,* - S.W.3d -, 2015 WL 293270
(Tex. App. - Houston [14th Dist] Jan. 22, 2015, no pet.). . . . . . . . . . . . . 69, 70

*Sanderson v. Sanderson*, 130 Tex. 264, 109 S.W.2d 744 (Comm'n App. 1937,
opinion adopted). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 24

*Skyline Furniture, Inc. v. Gifford*, 433 S.W.2d 950
(Tex. Civ. App.—El Paso 1968, no writ).. . . . . . . . . . . . . . . . . . . . . . . 30

*Smith v. Allison*, 157 Tex. 220, 301 S.W.2d 608(1956). . . . . . . . . . . . . 46, 59, 60

*Smith v. Brown*, 51 S.W.3d 376
    (Tex. App. - Houston [1st Dist.] 2001, pet. denied). . . . . . . . . . . . . . . . 64, 70

*Smith v. Carter,* 45 S.W.2d 398
    (Tex. Civ. App. - Texarkana 1931, writ dism'd). . . . . . . . . . . . . . . . . . . . . 49

*Smith v. Marshall B. Brown, P.C.*, 51 S.W.3d 376
    (Tex. App.--Houston [1st Dist.] 2001, pet. denied). . . . . . . . . . . . . . . . . . 63

*Smith v. Sorrelle*, 26 Tex. 353, 87 S.W.2d 703 (1935). . . . . . . . . . . . . . 20, 55, 56

*Smith v. Westall*, 76 Tex. 509 (Tex. 1890). . . . . . . . . . . . . . . . . . . . 19, 20, 21

*Solares v. Solares*, 232 S.W.3d 873 (Tex. App. – Dallas 2007, no pet.). . . . . . . . 66

*Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154 (Tex. 1994). . . . . . . . . . 27

*Stekoll Petroleum Co. v. Hamilton*, 152 Tex. 182, 255 S.W.2d 187 (1953). . . . . 56

*Sun Oil Co. v. Bennett*, 125 Tex. 540, 84 S.W.2d 447 (Comm'n App. 1935).  28, 61

*Sun Oil Co. v. Burns*, 125 Tex. 549, 551, 84 S.W.2d 442, 443
    (Tex. Comm'n App. 1935). . . . . . . . . . . . . . . . . . . . . . . 23, 24, 25, 28, 43, 61

*Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440 (Tex. 1993). . . . . 48

*Texas Consolidated Oils v. Bartels*, 270 S.W.2d 708
    (Tex. Civ. App. – Eastland 1954, writ ref'd). . . . . . . . . . . . . . . 17-20, 24, 40, 52

*Tex. State Taekwondo Ass'n v. Lone Star State Taekwondo Ass'n*, No. 08-01-
00403-CV, 2002 WL 1874852 at *3 (Tex. App. – El Paso 2002, no pet.).  . . . . . 69

*Tidwell v. Cheshier*, 153 Tex. 194, 265 S.W.2d 568 (1954). . . . . . . . . . . . . . . . 57

*Tittizer v. Union Gas Corp.*, 171 S.W.3d 857 (Tex. 2005). . . . . . . . . . . . . . . . . 16

*Trahan v. Mettlen*, 428 S.W.3d 905 (Tex. App- Texarkana 2014, no pet.). . . . 2, 62

*U.S. Enterprises, Inc. v. Dauley,* 535 S.W.2d 623 (Tex. 1976). . . . . . 18, 19, 20, 50

*Wallingford v. Trinity Universal Ins. Co.,* 253 S.W.3d 720
(Tex. App. – Amarillo 2007, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . 68

*Westwind Exploration, Inc. v. Homestate Sav. Ass'n*, 696 S.W.2d 378
(Tex. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Wiggins v. Cade*, 313 S.W.3d 468 (Tex. App.—Tyler 2010, pet. denied). . . . . . . .27

*Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150 (Tex. 1945).. 20, 21, 34, 35, 50, 51

*Windsor v. Loyd*, 191 S.W.2d 521 (Tex. App. – Texarkana 1945, writ ref'd).. . . 60

*Witt v. Harlan,* 66 Tex. 660; 2 S.W. 41 (Tex. 1886). . . . . . . . . . . . . . . . . . . 18, 29

**Statutes**

Texas. Bus. & Com. Code § 26.01-26.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. Civ. Prac. & Rem. Code §12.002. . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12, 15

Tex. Civ. Prac & Rem. Code §37.001-011. . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Tex. Prop. Code §5.151.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Tex. Prop. Code §13.002.. . . . . . . . . . . . . . . . . . . . . . . . . . 2, 15, 19, 61, 62

Tex. R. App. P. 45. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 62, 66-70

**Secondary Sources**

4 Tex. Prac., Land Titles And Title Examination § 15.36 - Validity of blanket
descriptions of land (3d ed.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

55 Tex. Jur. 3d Oil and Gas § 164 - Description of property. . . . . . . . . . . . . . . . . 29

Richard F. Brown, *Oil, Gas, and Mineral Law*, 60 SMU L. Rev. 1189, 1191 (2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*West's Tex. Forms, Minerals, Oil & Gas (4th ed.) § 1:13 Blanket conveyance of mineral and royalties..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# STATEMENT OF THE CASE

1. Appellees were conveyed all the mineral interests owned in Harrison County, Texas by each of Appellant Mark Mueller's purported predecessors in interest (Mills and Cope) in 1991. (CR 1826-1827 and CR 1828-1829). Appellant alleged in the trial court that the 1991 Mills and Cope deeds to Appellees were void for want of a sufficient property description which satisfies the statute of frauds. The trial court granted summary judgment upholding the 1991 Mills and Copes deeds to Appellees. The "blanket" or "county-wide" conveyances[1] challenged by Appellant are supported by overwhelming precedent upholding such conveyances as compliant with the Statute of Frauds (or sometimes characterized as an exception thereto). Such blanket descriptions are valid conveyances under the statute of frauds if Grantor conveys all interests owned by him or her are in a defined geographic area, such as a survey, unit, county or even state or the United States. This overwhelming precedent remains wholly unchallenged by Appellant's Brief. Because the cases upholding the blanket property description in Appellees' prior deeds remain wholly unchallenged or distinguished by Appellant's Brief, this Court's inquiry can stop there, as Appellant

---

[1] Appellees, relying on the language used by the courts routinely upholding such conveyances, alternatively refers to the conveyances, which grant all property owned by Grantor in a defined geographic area as "blanket", "county-wide", or "recital of ownership" property descriptions.

presents no basis in law from the record to challenge the trial court's summary judgment rejecting Appellant's challenge to the deeds from Mills and Cope.

2. As a stranger to the 1991 deeds between Appellee JD Minerals and Mills and Cope, Mueller had no standing to challenge the deeds on any ground other than voidness.

3. Appellant's challenge to the 1991 deeds is barred because he took the deeds with notice of all parts of the unambiguous deeds, which were filed of record in 1991 under Tex. Prop. Code §13.002. *See Trahan v. Mettlen*, 428 SW 3d 905 (Tex. App-Texarkana 2014, no pet.) and *Cosgrove v. Cade*, 14-0346, 2015 WL 3976719 (Tex. June 26, 2015).

4. Appellant's failure to even address or distinguish the voluminous authority supporting the blanket property descriptions in the 1991deeds should result in a finding that Appellant could have no reasonable expectation that the trial court's judgment will be reversed based on existing law and as a result this appeal is patently frivolous pursuant to Tex. R. App. P. 45. The Court should order "just damages" to Appellees as sanctions for filing this frivolous appeal.

5. Cases addressing conveyances under "catch all" or habendum clauses are not applicable because the deeds at issue have both a general, blanket granting clause and

a specific granting clause. The deeds are not ambiguous because there is no showing of a repugnance between the general and specific granting clauses.

## STATEMENT ON ORAL ARGUMENT

6.     In pages 16-24 of this brief's argument section, Appellees set out overwhelming precedent (which is ignored by Appellant) supporting the unambiguous blanket property descriptions in the deeds at issue, which meet the requirement for valid blanket property descriptions which enlarge specific grants in compliance with the statute of frauds. The Court's analysis can stop there, with its review of the record essentially confined to the four corners of each 1991 deed, and the recognition of the unchallenged authorities set forth by Appellees. Assuming the Court stops there, oral argument would provide little benefit to this case.

7.     Appellees do not believe oral argument would add anything further that would be of benefit to the Court in deciding the issues presented here on appeal and therefore waives its right to oral argument pursuant to Texas Rule of Appellate Procedure 39.1. However, should this Court decide to hold oral argument, Appellees herein request the opportunity to participate in said oral argument.

## ISSUES PRESENTED

    I.     The "county-wide" or blanket property descriptions at issue are valid under the statute of frauds (or as an exception to the statute of frauds)

and unambiguous where the Grantor conveys all his property in a defined geographic area.

II.    The answer to Issue No. I should be in the affirmative. The 1991 deeds at issue conform to the requirements of a valid blanket and unambiguous conveyance.

III.   Parol evidence cannot be considered to create an ambiguity in an unambiguous blanket conveyance as a matter of law.

IV.    The deeds in question contain blanket ("county-wide") property descriptions, specific survey-wide descriptions and a separate and distinct habendum or Mother Hubbard clause. Appellees claims under the blanket descriptions, not the habendum clause.

V.     The record does not demonstrate repugnance between the general ("county-wide") and specific (survey-wide) grants. Therefore, the general grant enlarges the specific.

VI.    Appellant, who is not in privity with Appellees, has no standing to challenge the deeds at issue based on alleged misconduct or lack of consideration.

VII.   None of Appellant's authorities challenge or limit the precedent upholding county-wide/blanket conveyances cited by Appellees.

       A.     Several of the authorities cited by Appellant, in fact, support the compliance of county-wide/blanket property description with the statute of frauds.

VIII.  Appellant was on Notice of the Entire Contents of the Deeds Upon Filing of the Deeds in 1991 Pursuant to Texas Property Code §13.002.

IX.    Sanctions - Frivolous Appeal – Based on Appellant's disregard of the unrefuted and contested authorities supporting Appellees' position on the validity of the deeds, Appellant's appeal frivolous because Appellant

could have no reasonable grounds to believe that the trial court's judgment would be reversed.

X. The "just damages" to be awarded Appellees in defending this frivolous appeal under Rule 45 should be the attorneys fees and costs incurred in responding to the appeal.

## PROCEDURAL HISTORY

8. Appellant filed his lawsuit on October 12, 2011, asserting causes of action including a suit to quiet title and violations of Section 12.002 of the Texas Civil Practice & Remedies Code. (CR 12-48). Appellant's most recent petition sought to set aside or declare void the 1991 deeds to Appellee by Mills and Cope (Appellant Mueller's predecessors in interest) and asserts causes of action for adverse possession, fraud, failure of consideration, cancellation of deed, conversion, suit to quiet title, violation of Tex. Civ. Prac. & Rem. Code §12.002, and negligent misrepresentation. (CR 2094-2106).

9. Appellees most recent answer asserts a general denial as well as the affirmative defenses of: statute of limitations as to each cause of action; offset; waiver; estoppel, standing; estoppel by deed; and denial of proof of adverse possession. (CR Supp 2(a) 12-20)[2]

---

[2]Appellees' live answer also asserted several special exceptions to Appellant's pleading. (CR Supp 2(a) 6-12). Primary among Appellees' special exceptions is the assertion that a trespass to try title, (not a declaratory judgment under Tex. Civ. Prac & Rem. Code §37.001-

10.     On or about July 27, 2012 Appellee filed Defendant James H. Davis d/b/a J.D. Minerals and JDMl, LLC's (hereinafter collectively referred to as "Davis" or "Appellees") Motion for Traditional and No-Evidence Motion for Summary Judgment and Response to Plaintiff's Motion for Partial Summary Judgment and Objection to Plaintiff's Summary Judgment Evidence.  (CR 392-637).

11.     On or about April 18, 2013 Appellees filed their Supplemental Motion for Traditional and No-Evidence Summary Judgment and Response to Plaintiff's Motion for Partial Summary Judgment on the validity of the deeds at issue and Objection to Plaintiff's Summary Judgment Evidence.  (CR 1015-1133).

12.     On or about May 16, 2013 Appellees filed their Second Partial Motion for Summary Judgment on Plaintiff's Declaratory Judgment Claim, Claims Under Texas Civil Practice & Remedies Code Sections 37.001, *et seq.* and 12.001, *et seq.* and Attorneys' Fees Thereunder, or Alternatively, Motion in Limine.  (CR 1156-1163).

13.     On or about May 28, 2013 Appellees filed their Reply to Plaintiff's Response to Motion for Second Summary Judgment.  (CR 1193-1201).

14.     On or about September 4, 2014 Appellees filed   Defendants' Second

011), is the exclusive remedy to determine title to real property. *See Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 926 (Tex. 2013), reh'g denied (Feb. 14, 2014). The trial court's summary judgment rendered Appellees' special exceptions moot.

Supplemental Motion for Summary Judgment and Motion to Reconsider. (CR 1796-1850). The Motion to Reconsider incorporated, by reference, each of the prior summary judgement motions and evidence attached thereto and requested that *each* Motion be reconsidered. (CR 392-637, CR 1015-1133, CR 1156-1163, CR 1193-1201, and CR 1939-1955) stating:

> "Defendants' Motion for Summary Judgment and Supplemental Motion for Summary Judgment and the summary judgment evidence attached thereto are incorporated herein by reference the same as if fully copied and set forth at length. Defendants request that the Court take judicial notice of its prior Summary Judgment filings and the summary judgment evidence attached thereto."

(CR 1801, fn. 6).

15. On or about September 24, 2014, Appellant's attorney filed a Plea in Intervention on behalf of Mills (CR 1924-26).

16. On October 9, 2014, the trial court struck the Mills intervention (CR 2066).

17. On or about September 27, 2014 Appellees filed their Motion for Partial Summary Judgment on Limitations Subject to Defendant's Motion to Strike Plea in Intervention. (CR 1939-1955).

18. On October 8, 2014 Appellees Motions for Summary Judgment were granted on all causes of action and a final judgment was entered in favor of Appellees. (CR 2064). The Order Granting Summary Judgment did not specify the grounds upon

which it was entered. *Id.*

19.    On October 9, 2014, Appellees filed their Motion for Non-Suit Without Prejudice on their Counter-Claim, rendering the trial court's summary judgment final. (CR 2108-2109). The Order Granting Non-Suit Without Prejudice was signed and entered on October 9, 2014. (CR 2107).

20.    On or about October 17, 2014, Appellant filed his Motion for Rehearing and Motion for New Trial. (CR 2116-2130).

21.    On December 17, 2014, Appellant filed his Notice of Appeal. (CR 2137-2138).

## STATEMENT OF THE FACTS

**FACTS**

22.    Both Appellees and Appellant claim title to mineral interests in Harrison County, Texas through common sources, James Hammond Mills (hereinafter referred to as "Mills") and Virginia Rose Mitchell[3] (hereinafter referred to as "Cope").

23.    Appellees acquired interests from Mills and Cope via conveyances in 1991 (CR 1826-1827 and CR 1828-1829)[4].

---

[3]It is undisputed that Virginia Rose Mitchell, Virginia Rose Cope, Virginia Rose Mills Cope, and Virginia Rose Purvis Cope are the same person.

[4]Since the trial court entered summary judgment in favor of Davis in this case, Appellant's counsel has filed a new lawsuit on behalf of Mills and Cope in Cause No 14-0808; in

24.    On September 21, 1991 Cope executed a "Mineral and Royalty Conveyance" granting all of her mineral, royalty, and overriding royalty interests in Harrison County, Texas to Appellee JD Minerals[5]. (CR 1826-1827)[6]. Said conveyance was filed with the Harrison County Clerk's office in the real property records on October 3, 1991 in Volume 1287 Pages 331-332, File No. 8701. (CR 1826-1827). The deed contains a specific property description comprised of survey or unit descriptions of mineral interests. *Id.* The deed also contains the following general description which broadens the specific description: **"Grantor hereby conveys to Grantee all of the mineral, royalty, and overriding royalty interest owned by Grantor in Harrison County, whether or not same is herein above correctly described."** *Id.* (emphasis supplied).

25.    On October 1, 1991 Mills executed a "Mineral and Royalty Conveyance" granting all of his mineral, royalty, and overriding royalty interests in Harrison County, Texas to Appellee JD Minerals. (CR 1828-1829). The deed contains a specific property description comprised of survey or unit descriptions of mineral

---

the 71st Judicial District Court of Harrison County, Texas. Thus both Mills and Cope have a financial interest in the outcome of this appeal.

[5]JD Minerals is an assumed name for Appellee James H. Davis.

[6]CR refers to the Clerk's Second Supplemental Clerk's Record filed on June 9, 2015.

interests. *Id.* The conveyance was filed with the Harrison County Clerk on October 7, 1991 in Volume 1287 Page 530-531, File No. 8809. *Id.* The deed contained the following language: **"Grantor hereby conveys to Grantee all of the mineral, royalty, and overriding royalty interest owned by Grantor in Harrison County, whether or not same is herein above correctly described."** *Id.* (emphasis supplied).

26.     Finally, in addition to the specific survey and general "county-wide" blanket descriptions described above, each deed at issue contained a separate standard habendum , or Mother Hubbard Clause. *Id.*

27.     On or about October 1, 1994, Cope purported to execute a Mineral Deed to Charles B. Horne in Harrison County, Texas. (CR 1830-1831).

28.     On or about December 2, 1996 Appellant, a licensed realtor and practicing land man (CR 1811-1812), purported to purchase the mineral interests sold to Charles B. Horne by Cope in Harrison County, Texas. (CR 1832-1833). The 1996 deed from Horne to Appellant includes a similar county-wide granting clause to the one Mueller complains of in this appeal, granting "all my interest in the following described land situated in Harrison Count, Texas *including any other and all other minerals in my name in Harrison County Texas, to wit:* . . .." (CR 1832) (emphasis supplied).

29.     On or about June 29, 2011, just prior to filing this lawsuit, Appellant purported

to purchase these same mineral interests from Charles B. Horne in Harrison County, Texas.[7] (CR. 1834-1835)[8]. This deed contains the same county-wide general conveyance as the 1996 Horne deed referenced in ¶ 28, *supra*. The county-wide language used by Appellant in each deed from Horne[9] is in the same sized type as the rest of each deed. (CR 1832-1833 and CR 1834-35).

30. On or about May 26, 2011, just prior to filing this lawsuit, Appellant purported to purchase mineral interests from Mills in Harrison County, Texas. (CR 1836-1838).

31. On or about July 1, 2011 Cope purported to transfer the same mineral interests she had previously transferred to Horne in 1994 referenced above to Appellant. (CR 1840-1850).

32. On October 12, 2011 Appellant filed his lawsuit against Appellees. (CR 12-16). Appellant's most recent petition seeks to set aside or declare void the 1991 deeds to Appellees by Mills and Cope and asserts causes of action for adverse

---

[7] Plaintiff testified he paid $1,000.00 for these interests which he had already purchased through Charles B. Horne. (CR 1816- Mark Mueller deposition, page 28, lines 5-20).

[8] The June 29, 2011 deed from Horne to Appellant is in the form of a correction deed to clarify the property description, presumably preparing for his anticipated lawsuit.

[9] The first Horne to Mueller deed (as well as the two 1991 deeds to Appellees at issue) were executed and filed prior to the disclosure requirements of the Tex. Prop. Code §5.151 addressing county-wide conveyances.

possession, fraud, failure of consideration, cancellation of deed, conversion, suit to quiet title, violation of Tex. Civ. Prac. & Rem. Code §12.002, and negligent misrepresentation. (CR 2094-2106).

33. The *only* ambiguity alleged by Appellant is found in his most recent petition and relates to the county-wide or blanket property description. (CR 2095). Appellant conclusorily states the blanket property description "created an ambiguity as to the proper description…." (CR 2095). No other ambiguity is alleged. (CR 2094-2106).

34. Appellant, a professional landman (CR 1079), has used county-wide blanket property descriptions in the deeds involved in this case and in his business. (CR 1255, CR 1259, and CR 1263). Appellant testified county-wide property descriptions can be valid and enforceable. (CR 1090).

## SUMMARY OF THE ARGUMENT

35. The trial court did not commit error by granting Appellees' motion for summary judgment. Appellant, who was a stranger to the deeds between Mills, Cope and Appellee, had no standing to set aside the deeds on the basis of fraud, failure of consideration, conversion, negligent representation or any other such cause of action because said claims require privity with Appellee. Because Appellant Mueller was not a party to the Mills or Cope deeds, he was not in privity with Appellee and

therefore had no standing to bring such claims.

36.     Appellant's only remaining challenge to the Cope and Mills deeds is that they are void for want of a legal description which complies with the statute of frauds. Tex. Bus. & Com. Code § 26.01-26.02.  Both the Mills and Cope deeds, which are the common source of the disputed title, contain valid "blanket" or "county-wide" conveyances which convey all of each Grantor's mineral interests owned by Mills and Cope in Harrison County to Appellee Davis.  Such blanket property descriptions have been held to be valid and unambiguous by Texas Courts, including the Texas Supreme Court, for over one hundred twenty (120) years.  Both Appellant's response to the summary judgments below ( CR 868-883 and CR 2023-2025) and his brief to this Court simply ignores the long-standing precedent cited by Appellees to the trial court upholding blanket property descriptions such as those in each deed and does not even attempt to factually distinguish such precedent from the facts of this case.  As a result of Appellant ignoring precedent, Appellant's appeal is frivolous.

37.     Appellant's only attempt to deal with the valid county-wide conveyances in the Mills and Cope deeds is the bald assertion that there is a conflict between the general and specific granting clauses from the record.  This contention is wholly without factual basis, and Appellant's failure to demonstrate in the record any such conflict

or repugnance between the deeds' granting clauses renders Appellant's citation to *J. Hiram Moore v. Greer,* 172 S.W.3d 609 (Tex. 2005) without merit. Nowhere does Appellant demonstrate any repugnance between any of the deeds' granting clauses.

38. Appellant's contention that by granting Appellees' motion for summary judgment the trial court was ruling that "the Mother Hubbard or 'catch-all' clause could convey a substantial property interest" (AB 14) is misleading and without basis in law or fact. Each deed contained a general, or county-wide conveyance, a specific, unit or survey conveyance and a third standard habendum or "Mother Hubbard" or "strips and gores" clause. (CR 1828-1929 and 1830-1831). It has never been alleged by Appellees that any significant property interest was conveyed to Appellees by the habendum clause. On the contrary, Appellees have consistently maintained that the mineral interests at issue were conveyed to Appellees by the unambiguous and valid blanket, county-wide granting clause in each deed.

39. Having completely ignored the overwhelming precedent cited below upholding the county-wide property descriptions in each deed, Appellant conclusorily attempts to create an ambiguity in the deeds that does not exist by relying on post-conveyance parol evidence and collateral matter parol evidence. There is no ambiguity in either deed because each conveyance clearly states that Grantors Mills and Cope conveyed

all of their mineral interests within the geographic boundaries of Harrison County, Texas to Appellee. Because there is no true ambiguity in either deed, the trial court was correct to interpret each deed within its four corners and not consider the parol evidence offered by Appellant in an attempt to create "fact issues." (AB 16-33).

40.     All claims of Appellant **except** any claims that the 1991 deeds at issue are void for want of an adequate property description in violation of the statute of frauds were barred by the applicable statute of limitations. All of Appellant's other equitable claims to set aside the 1991 Deed to Appellees are time - barred by the applicable statutes of limitations (including fraud, failure or inadequate consideration, conversion, suit to quiet title, violation of Civ. Prac. & Rem. Code § 12.002, negligent misrepresentation and declaratory judgment). Each of these claims are premised on the claim that the 1991 deeds are voidable. Voidable deeds are subject to limitations defenses. As a matter of law, Supreme Court precedent is clear that knowledge of information available that is filed of public record is imputed to an owner of minerals. Appellant, as a third-party to the transaction, is not entitled to deferral of accrual of any cause of action on an alleged voidable deed based on the discovery rule as a matter of law. Appellant, as a third party to the deeds was also on notice of the entire contents of the deeds as of the date of filing pursuant to Tex. Prop.

Code §13.002. Accordingly, all of Appellant's claims (other than claims that the 1991 deeds are void) are barred by applicable statutes of limitations.

## ARGUMENT

**Standard of Review:**

41. The Appellate Court reviews the trial court's ruling on a motion for summary judgment de novo. *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857 (Tex. 2005); *Little v. Texas Dept. of Criminal Justice*, 148 S.W.3d 374 (Tex. 2004); *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150 (Tex. 2004); *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211 (Tex. 2003); *Miles v. Lee Anderson Co.*, 339 S.W.3d 738 (Tex. App. Houston 1st Dist. 2011). The question on appeal of a summary judgment is whether the summary-judgment proof establishes that the movant was entitled to summary judgment as a matter of law. *In re J.G.W.*, 54 S.W.3d 826 (Tex. App.—Texarkana 2001, no pet.). When a summary judgment does not specify or state the grounds relied upon, the judgment will be affirmed on appeal if *any* of the grounds presented in the motions for summary judgment are meritorious. *See Progressive County Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805 (Tex. 2009).

> **I.** **The "county-wide" or blanket property descriptions are valid and unambiguous under the statute of frauds (or as an exception to the statute of frauds) where the Grantor conveys all his property in a defined geographic area.**

**Long Standing Authority Establishes that "County-Wide" or "Blanket" Property Descriptions in General Granting Clauses Are Sufficient to Satisfy the Statute of Frauds in Texas**

42.     Despite the citation to the trial court of the existence overwhelming authority in support of "blanket" or "county-wide" conveyances, Appellant simply ignores the authority cited in Appellees summary judgment motions[10].

43.     "It has long been the rule that a deed purporting to convey *all* lands owned by the grantor in the State or in a named county is sufficient description to effect a conveyance." *Harlan v. Vetter*, 732 S.W.2d 390, 394 (Tex. App. – Eastland 1987, writ ref'd n.r.e.) (quoting *Texas Consolidated Oils v. Bartels*, 270 S.W.2d 708 (Tex. Civ. App. – Eastland 1954, writ ref'd)); *Patterson v. Twaddell*, 301 S.W.2d 680 (Tex. Civ. App. – Amarillo 1957,  writ ref'd n.r.e.); *Best Investment Co. v. Francis*, 453 S.W.2d 893, 897 (Tex. Civ. App. – Eastland 1970, writ ref'd, n.r.e.).  For over one hundred and twenty years Texas courts have consistently held that a conveyance containing a property description conveying all of grantor's interest in the state or a named county (or any defined geographic area) constitutes a sufficient description to

_____

[10]Of the nine  Texas Supreme Court cases, one  Fifth Circuit, one  Northern District of Texas, and eight intermediate appellate cases cited by Appellees in support of the deed's blanket property descriptions, Appellant's brief only cites to one. *Sun Oil Co. v. Burns*, 125 Tex. 549, 84 S.W.2d 442 (Comm'n App. 1935, opinion adopted)*.*  In the one case Appellant cites supporting blanket conveyances, Appellant misrepresents (or misunderstands) the holding of the Court*. See* discussion at ¶ 56, fn. 16.

satisfy the Statue of Frauds. *See Brigham v. Thompson*, 12 Tex. Civ. App. 562, 565,

34 S.W.2d 358, 359 (Tx.App. – Dallas 1896); *Witt v. Harlan,* 66 Tex. 660; 2 S.W. 41

(Tex. 1886). Blanket property descriptions are so well established as valid to convey

mineral interests as an exception to the particularity requirements of the statute of

frauds description requirements that current form books provide forms expressly for

this purpose. *See West's Tex. Forms, Minerals, Oil & Gas (4ᵗʰ ed.) § 1:13 Blanket*

*conveyance of mineral and royalties.*

44.      One of the most commonly cited cases upholding blanket property descriptions

is *Texas Consolidated Oils v. Bartels[11]*, which holds that language conveying all of

Grantors' interest in the United States is a sufficient property description.  The

language at issue was "[a]ll the oil, gas and mining leases, royalties and overriding

royalties located anywhere within the United States, most of which are located within

the State of New Mexico, Kansas, Oklahoma, Louisiana and Texas...." *Texas*

*Consolidated Oils,* 270 S.W.2d at 710.  The language in the *Texas Consolidated Oils*

conveyance was found to be ". . . sufficient to reasonably identify and to have

---

[11]Cited approvingly by *In re Cornerstone E&P Company, L.P.*, 436 B.R. 830, 843 *supplemented*, 436 B.R. 865 (Bankr. N.D. Tex. 2010); *Ray v. Elder*, 2007 WL 1532704, 1 (Tex. App. – Tyler 2007, no writ); *Harlan v. Vetter*, 732 S.W.2d 390, 394 (Tex. App. – Eastland 1987, writ ref'd n.r.e.); *Patterson v. Twaddell*, 301 S.W.2d 680 (Tex. Civ. App. – Amarillo 1957,  writ ref'd n.r.e.); *Coe v. Chesapeake Exploration, L.L.C.*, 695 F.3d 311, 319 (5th Cir. 2012); *U.S. Enterprises, Inc. v. Dauley*, 535 S.W.2d 623, 628 (Tex. 1976) (recognizing exception to specific property description requirement of statute of frauds).

conveyed the land, it **constituted notice to subsequent purchasers of such land** under the . . . statutory provision."[12] *Id.* at 712 (emphasis supplied). The *Texas Consolidated Oils* Court relied on long standing precedent that established the rule that a deed purporting to convey all lands owned by the grantor in a named county is a sufficient description to effect a conveyance. *Id.* at 711 citing *Smith v. Westall*, 76 Tex. 509 (Tex. 1890); *Pickett v Bishop*, 148 Tex. 207, 223 S.W.2d 222, (Tex. 1949); and *Sanderson v. Sanderson*, 130 Tex. 264, 109 S.W.2d 744 (Comm'n App. 1937). It also established that such descriptions constitute noticed to third parties, such as Appellant. *Id.*

45. **The Texas Supreme Court has identified the *Texas Consolidated Oils'* fact pattern, wherein a grantor conveys all of his interests in the State or a named county, as an *exception* to the requirement that a property description specifically identify the location of a property using a beginning point, boundary lines metes and bounds and the like.** *U.S. Enterprises, Inc. v. Dauley* 535 S.W.2d 623, 628 (Tex. 1976)[13] (emphasis supplied). Appellant ignores this Supreme Court

---

[12]Under *Texas Consolidated Oils* and Texas Property Code Section 13.002 , Appellant took his deeds with notice of Davis' interest in all of seller's interests in the county.

[13]Courts alternatively state that blanket descriptions are an *exception* to the specific metes and bounds property descriptions requirements of the statute of frauds (*Dauley,* 535 S.W.2d at 628 ) or that a conveyance of all grantors property in a defined geographic area satisfies the statute of frauds because it provides an adequate "nucleus of description" of the property to

precedent.

46.     In fact, in *Dauley*, the Texas Supreme Court cites many of the cases upon which Appellees  rely as well as a case Appellant relies on as the rule requiring specific identification by metes and bounds to which the Supreme Court makes an exception for blanket conveyances.   The Texas Supreme Court recognized the exceptions stating:

> Descriptions without boundary lines, beginning points, or other means by which the acreage can be located have often been held to be insufficient to meet the Statute of Frauds. *Morrow v. Shotwell*, *supra*; *Matney v. Odom*, 147 Tex. 26, 210 S.W.2d 980 (1948); *Greer v. Greer*, 144 Tex. 528, 191 S.W.2d 848 (1946); *Smith v. Sorrelle*, 126 Tex. 353, 87 S.W.2d 703 (1935); *Pfeiffer v. Lindsay*, 66 Tex. 123, 1 S.W. 264 (1886). **Exceptions not applicable here are discussed in** *Wilson v. Fisher, supra*, 188 S.W.2d at 153; *Holloway's Unknown Heirs v. Whatley*, 133 Tex. 608, 131 S.W.2d 89 (1939); *Smith v. Westall*, 76 Tex. 509, 13 S.W. 540 (1890), and *Texas Consolidated Oils v. Bartels*, 270 S.W.2d 708 (Tex.Civ.App.1954, writ ref'd).

*Dauley*, 535 S.W.2d 623, 628 (Tex. 1976) (emphasis supplied)[14].

47.     Among the other cases holding blanket grants are an exception to the specific property description requirement are the following: *Holloway's Unknown Heirs v.*

_____

satisfy the statute of frauds.  *Coe,* 695 F.3d at 318.

[14]Appellant relies on *Wilson v. Fisher*, 144 Tex. 53, 188, S.W.2d 150 (1945).  (AB 11). Appellant willfully ignores the body of law setting out the blanket property description exception to the specific property description requirements of the statute of frauds stated in *Wilson*. Moreover, *Wilson,* which is distinguishable on its facts, actually recognizes the validity of blanket property descriptions in dicta. (*See* ¶ 101).

*Whatley*, 104 S.W.2d 646, 648 (Tex. Civ. App. – Beaumont 1937) *aff'd*, 137 Tex 608, 131 S.W.2d 89 (1939)(Deed containing specific property description *and also generally describing any other land owned by Grantor in county sufficient to convey several mineral interests not specifically described*); *Smith v. Westall*, 76 Tex. 509, 13 S.W. 540 (Tex. 1890)(Deed containing description of all land inherited "by, through or from my deceased parents" in Brazoria County or the State of Texas held sufficient to convey all lands in the State vested by inheritance in Grantor); *Best Investment Co. v. Francis*, 453 S.W.2d at 897) (...a deed based on ownership of property by the grantor in a certain county, even though it does not describe the land in particular other than such ownership of the grantor, passes title to such property owned by the grantor).

48.     Appellant's Brief ignores this authority, and cites cases unrelated to blanket grants which require specific identification of the properties.  The language in the general granting clause in the deeds at issue conveys all of Grantors' interests in Harrison County.  The language in Appellees' deeds is clearly adequate to satisfy (or as an exception) to the property description standard to meet the Statute of Frauds as expressed in the foregoing cases and therefore, Appellees have valid deeds to all mineral interests owned by Mills and Cope in Harrison County as of the date of the

deeds and made the basis of this suit.

49.	In *Baker v. Smith*, the Court found that the blanket grant of real estate in Jack County, Texas ". . . purported to convey all lands owned by the defendant in a named county in Texas, such a description being sufficient to effect conveyance of such." 407 S.W.2d 4, 6 (Tex. Civ. App. – Fort Worth 1966, no writ).

50.	The rule that language conveying all lands in a particular county or state is sufficient to meet the Statute of Frauds requirements is applicable when the interests being conveyed are mineral interests. "Specifically in the context of oil and gas leases, under Texas law, a grant of all of a transferor's interests located within a clearly defined area, such as a named state or county, is sufficiently descriptive to effect a conveyance and thus satisfy the Statute of Frauds." *In re Cornerstone E&P Company, L.P.*, 436 B.R. 830, 843 *supplemented*, 436 B.R. 865 (Bankr. N.D. Tex. 2010) (applying Texas law). *Cornerstone* also goes on to state that "Texas law has recognized the validity of both blanket descriptions and grants of after-acquired interests" *Id.* at 844.

51.	The Tyler Court of Appeals has recognized conveyances of all mineral interests in a named county is a sufficient description to effect a conveyance. *Ray v.*

*Elder*, 2007 WL 1532704, *1 (Tex. App. – Tyler 2007, no writ).[15] The above-cited authorities demonstrate that the legal descriptions in the conveyances at issue in this case satisfy the Statute of Frauds as a matter of law.

52.     Texas case law sanctioning blanket property descriptions makes clear that the nature of the larger unit from which grantor conveys all his interest is irrelevant, as long as the larger unit is a clearly defined area. *In re Cornerstone E & P Co., L.P.*, 436 B.R. at 843. In *Sun Oil Co. v. Burns,* the court approved a blanket description of all property in a particular survey. 125 Tex. 549, 551, 84 S.W.2d 442, 443 (Tex. Comm'n App. 1935). The grant at issue stated, "It being the intention, however, of lessor to include within the terms of this lease *not only the above described land, but also any and all other land owned or claimed by lessor in said survey or surveys* in which the above described land is situated or in adjoining surveys and adjoining the above described land." *Id.* (emphasis supplied).

53.     The Fifth Circuit Court of Appeals, applying Texas law, has recognized that Texas law holds that when a grantor conveys all his property in a specified area, the requirements of the statute of frauds is fulfilled. *Coe v. Chesapeake Exploration,*

---

[15]The Tyler District Court of Appeals ultimately ruled the description at issue insufficient only because the Grantor failed to identify the state or a specific county in the conveyance. *Id.* at 4. The deeds at issue identify all Grantor's mineral interests in Harrison County. (CR 1826-1827 and CR 1828-1829).

*L.L.C.*, 695 F.3d 311,318-320 (5th Cir. 2012) *citing Sanderson v. Sanderson*, 109 S.W.2d at 747; *Ragsdale v. Mays*, 65 Tex. 255 (1886); *In re Cornerstone*, 436 B.R. at 843, 844-45; *Texas Consolidated Oils*, 270 S.W.2d at 712.

54.     The *Sun Oil* case is on point with the facts of this case and specifically recognizes the survey-wide grants of all Grantor's interest in a named survey as adequate under the Statute of Frauds. The *Sun Oil* court approved the blanket property descriptions, stating:

> In seeking to ascertain from the entire instrument the true intention of the parties as to the land to be affected by and included in the lease, we find that the instrument in describing the land leased sets out first by metes and bounds the 106.25-acre tract, and that this description is immediately followed by the clause which states the intention of the lessor to include within the terms of the lease, ***not only "the above described land," but also any and all other land owned or claimed by the lessor in the survey or surveys in which "the above described land" is situated or in adjoining surveys and adjoining "the above described land*.**" This language needs no construction. It is not fairly susceptible of more than one interpretation. It not only shows, but it declares in plain and unmistakable terms, the intention of the grantor to include within the lease, not only the land particularly described, but also any other land owned or claimed by the lessor in the same survey or in adjoining surveys and adjoining the land particularly described.

*Sun Oil*, 125 Tex. at 552-553 (emphasis supplied).

55.     The *Sun Oil* case not only affirms the validity of a blanket conveyance which enlarges a specific conveyance, it declares such a grant unambiguous, in that it "is not

fairly susceptible to more than one interpretation." *Id.* If a deed is not susceptible to more than one interpretation, it is unambiguous. *See* discussion of lack of ambiguity at ¶¶ 59-72.

56.	The *Sun Oil* case is particularly important in the context of this appeal in that it is the *only* precedent supporting the validity of blanket conveyances addressed in Appellant's Brief. (AB 13-14). Appellant either misunderstands or misrepresents the holding in *Sun Oil*[16].

57.	In light of the foregoing unchallenged authorities, the answer to Issue No. I is yes, blanket property descriptions satisfy the statute of frauds in Texas.

> **II.	The answer to Issue No. I should be in the affirmative. The 1991 deeds at issue conform to the requirements of a valid blanket and unambiguous conveyance**

---

[16]It is unclear to Appellees how Texas Supreme Court's ruling in *Sun Oil* supports Appellant's position. In *Sun Oil,* the Supreme Court upheld a conveyance which contained both a specific, metes and bounds description and a blanket conveyance. *Sun Oil* 125 Tex. at 532-34. The facts are strikingly similar to the case at bar, in that the Supreme Court approved both the specific, metes and bounds description and the general blanket descriptions, quoting from *Cook v. Smith,* 107 Tex. 119, 174 S.W. 1094, 1095 (1915): "Its manifest purpose was to enlarge both the granting clause of the instrument and the preceding terms of description. This is shown by the use of its ampler phrase. The instrument had previously dealt with only grantor's title to particular property. But to make plain that it had a larger purpose than merely to release the grantor's title to the particular property in the town which had been described, it is distinctly announced in this clause that the grantor's intention in the execution of the instrument was to convey all the real estate that he owned in the town, whether specifically described or not." *Sun Oil*, 125 Tex. at 554. The deeds at issue also contain "ampler phrases", stating Grantor conveys all their interest owned in Harrison County, "whether or not same is hereinabove correctly described" (CR 1826-27 and CR 1828-29).

58.     The blanket granting language at issue in each deed, which enlarges the specific survey descriptions, satisfies the requirements for such property descriptions in that they convey all of the grantors' mineral interests owned by grantors in Harrison County, Texas. *See* (CR 1826-1827 and CR 1828-1829). *Sun Oil*, 125 Tex. at 552-53; *See also In re Cornerstone E&P Company*, 436 B.R. at 843; *Coe*, 695 F.3d at 319; *See also* ¶¶ 24-25, *supra*.

> **III.    Parol evidence cannot be considered to create an ambiguity (and therefore create a fact issue) in an unambiguous blanket conveyance.**

**A.      No Fact Issue for a Jury Exists on Plaintiff's Claims that Deeds are Void for Want of a Valid Property Description - Only Pure Questions of Law for the Court.**

59.     **The interpretation of an unambiguous writing is a pure question of law for the Court**. This rule has repeatedly been called elementary. *See, e.g., Westwind Exploration, Inc. v. Homestate Sav. Ass'n*, 696 S.W.2d 378, 381 (Tex. 1985); *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex. 1968); *Myers v. Gulf Coast Minerals Mgmt. Corp.*, 361 S.W.2d 193, 196 (Tex. 1962). Importantly, the rule applies in disputes about oil and gas conveyances. *See Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991); *Altman v. Blake*, 712 S.W.2d 117, 118 (Tex. 1986). Appellant's claims entirely rest on the allegation that the conveyances from Mills and

Cope, his predecessor in interest, to Appellees fail for want of a legal description sufficient to satisfy the statute of frauds. (AB10-11).

60. **Questions of law are for the Court alone**. Juries decide questions of fact, not law. A trial court commits error if it submits a question of law to the jury. *Hicks v. Pilgrim Poultry, G.P.*, 299 S.W.3d 249 (Tex. App.—Texarkana 2009, no pet.); *Grohman v. Kahlig*, 318 S.W.3d 882, 887 (Tex. 2010); *see Burgess v. Sylvester*, 143 Tex. 25, 28, 182 S.W.2d 358, 360 (1944) (it is not within the province of the jury to construe the legal effect of a written instrument. . . ); *City of The Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 752 (Tex. App. - Fort Worth 2008, pet. dism'd). Because a jury has no right to give its view about legal issues, its answer to a question of law is immaterial. *See Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94-95 (Tex. 1999); *Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex. 1994).

61. **The sufficiency of the legal description in an unambiguous instrument transferring a proper interest is a pure question of law.** *May v. Buck*, 375 S.W.3d 568, 574 (Tex. App.—Dallas 2012, no pet.); *Wiggins v. Cade*, 313 S.W.3d 468, 472 (Tex. App.—Tyler 2010, pet. denied). In limited instances, where the property description is ambiguous, a mixed question of law and fact can be submitted to the jury. *See e.g. Finkelstein v. Carpenter*, 795 S.W.2d 897, 898 (Tex. App.—Beaumont

1990, writ denied) (Competent surveyors testifying for each side differed in their interpretation of location of the end point of the disputed call). No such ambiguity exists in this case. Each deed states that: **"Grantor hereby conveys to Grantee <u>all of the mineral, royalty, and overriding royalty interest owned by Grantor in Harrison County</u>, whether or not same is herein above correctly described."** (CR 1826-1827 and CR 1828-1829). Such a description is unambiguous in that it describes all of the interest owned by Grantor in Harrison County.

62. Exactly on point is *Katz v. Bakke*. In *Katz,* the deed under consideration contained both a specific description and a general, blanket description. 265 S.W.2d 686, 688 (Tex. Civ. App.—San Antonio 1954, writ ref'd). The court, relying on Texas Supreme Court precedent, ruled no ambiguity existed as a matter of law, stating:

> **Nor is the 1951 deed to Bakke ambiguous**. **There is no repugnance between the blanket granting clause and the particular granting clause**. The blanket clause broadens and enlarges upon the particular. *Holloway's Unknown Heirs v. Whatley*, 133 Tex. 608, 131 S.W.2d 89; *Sun Oil Co. v. Burns*, 125 Tex. 549, 84 S.W.2d 442; *Sun Oil Co. v. Bennett*, 125 Tex. 540, 84 S.W.2d 447; *Gulf Production Co. v. Spear*, 125 Tex. 560, 84 S.W.2d 452.

*Katz Id.* at 688 (Tex. Civ. App.—San Antonio 1954, writ ref'd) (emphasis supplied);

*See also* Richard F. Brown, *Oil, Gas, and Mineral Law*, 60 SMU L. Rev. 1189, 1191 (2007); *Garcia v. Garcia*, 04-05-00538-CV, 2006 WL 1684742 at * 4 (Tex.

App.—San Antonio June 21, 2006, pet. denied).

63.     Because each of the 1991 deeds at issue is unambiguous, the trial court did not err in ruling the deeds were valid conveyances as a matter of law.

**Blanket/ County-Wide Conveyances Valid and Unambiguous without Metes and Bounds or Other Specific Descriptions**

64.     As detailed in Defendant's Motion for Summary Judgment and Supplemental Motion for Summary Judgment (CR 392-637 and CR 1015-1133), such "blanket" descriptions have been held to be valid and unambiguous in Texas for one-hundred and twenty years. *See Brigham,* 34 S.W.2d at 359; *Witt,* 2 S.W. 41. "It has long been the rule that a deed purporting to convey *all* lands owned by the grantor in the State or in a named county is sufficient description to effect a conveyance." *Harlan*, 732 S.W.2d at 394 (quoting *Texas Consolidated,* 270 S.W.2d 708); *Patterson*, 301 S.W.2d 680; *Best Investment Co.,* 453 S.W.d at 897; *See also* 4 Tex. Prac., Land Titles And Title Examination § 15.36 - Validity of blanket descriptions of land (3d ed.)*;* 55 Tex. Jur. 3d Oil and Gas § 164 - Description of property. Appellant ignores all such authority, incorrectly insisting that a conveyance of real property must contain a metes and bounds description, and that blanket property descriptions are *per se* invalid, despite Appellant's history of use of the same blanket conveyances.(AB 8-9) (CR 1255-1256, CR 1257-1261and CR 1262-1264).

65.     If there is no ambiguity, a pure question of law for the court exists. Therefore, the trial court did not err in determining that no fact issues exist. Without a finding of ambiguity, the rules of construction are not applied - the deed is interpreted as a matter of law by the trial court from the four corners of the document. *MPH Prod. Co., Inc. v. Smith*, 06-11-00085-CV, 2012 WL 1813467 (Tex. App.—Texarkana May 18, 2012, no pet.) citing *Luckel*, 819 S.W.2d at 461. The posture the parties presented the issues to the trial court created an either/or proposition, requiring no finding of fact or mixed question of law or fact which would create an appropriate jury issue. Either the legal descriptions in each deed 1991 Davis deed complies with the statute of frauds (or is an accepted exception thereto), or it does not, ***as a matter of law***.

66.     The burden of pleading ambiguity in written contract is on person seeking to establish it, and he must set out that portion of the instrument that is claimed to be ambiguous and definitely plead meaning or construction thereof that is relied upon by him. *Skyline Furniture, Inc. v. Gifford*, 433 S.W.2d 950 (Tex. Civ. App.—El Paso 1968, no writ). Appellant's *only* pleading of ambiguity is that the blanket conveyance of all properties in Harrison County "creates an ambiguity." (CR 2095)[17]. An

---

[17]Appellant's allegation of ambiguity rings hollow in this regard as Appellant has used blanket conveyances in deeds drafted by him in his business as a landman. (CR 1832-1833, CR 1834-1835, CR 1255, CR 1259 and CR 1263).

ambiguity does not arise simply because the parties advance conflicting interpretations of the deed. *Center Point Energy Houston Elec., L.L.P. v. Old TJC Co.*, 177 S.W.3d 425 (Tex. App. Houston [1st Dist.] 2005, pet. denied). Even if Appellant had amended his pleadings to plead ambiguity with more specificity, he must specifically identify the alleged ambiguity. Such a pleading would have failed under *Katz* and because no ambiguity exists - The deeds either contain valid blanket or county-wide conveyances or they do not. *Katz*, 265 S.W.2d at 688. (Where a general blanket description enlarges a specific description, no ambiguity exists). Appellees' Motions for Summary Judgment (CR 392-637 and 1156-1163) and Supplemental Motion for Summary Judgment (CR 1015-1133) and Motion to Reconsider (CR 1796-1850) recite overwhelming authority that blanket, county-wide property descriptions of the kind found in the 1991 Deeds in this case have been ruled valid and unambiguous in Texas. *See* discussion at ¶¶ 42-57.

67. Where no valid ambiguity is plead, the Court interprets the language in the deed from within the "four corners" of the deeds **as a matter of law**. *Luckel,* 819 S.W.2d at 461.

68. The 1991 Davis deeds at issue contain the same language in the property descriptions. (CR 1826-1827 and CR 1828-1829). The same analysis applies to

each.

69. In this case the facts are known and uncontested. Due to the "four corners rule", **the only relevant facts are the wording of the deeds in question**. "What might otherwise be a question of fact becomes one of law when the fact is not in dispute or is conclusively established." *Perry Homes v. Cull*, 258 S.W.3d 580 (Tex. 2008).

70. Under a proper four-corners analysis, the focus belongs on the text of the conveyances, not on parol evidence such as the purported intent of the original grantors in the deeds, who are not parties hereto. The conveyances speak clearly. Contrary to Appellant's frivolous assertion, it is pellucidly clear that under long standing Texas law they include valid specific survey descriptions as well as valid "county-wide" or "blanket" descriptions of all of each Grantor's mineral interest in Harrison County. They reach all of each Grantors' mineral interests in Harrison County. Appellant has demonstrated no repugnance between the general and specific granting clauses which would render the deeds at issue ambiguous.

**The Court enforced the deeds, and properly rendered judgment for Appellees**

71. The trial court properly construed the conveyances. Outsourcing that task to a jury would have constituted error. The error would have been harmful if it resulted

in an improper judgment where no fact issues existed. It could have caused the trial court to render judgment against Davis - essentially taking away Davis' properties and giving them to Appellant - when judgment was properly in favor of Davis.

72.     As to Appellant's claims, the trial court properly quieted Davis' title in the disputed property interests.

**PAROL EVIDENCE**

## Subsequent Purchase Offers, Check, and Email Not Competent Summary Judgment Evidence of Sufficiency of Property Description in Deeds

73.     In light of the overwhelming authority upholding county-wide and survey-wide property descriptions discussed herein, Appellant references in his Brief voluminous parol evidence (evidence in the form of post conveyance correspondence with Cope from Appellees regarding an offer to purchase her interests, an email from Appellees indicating that Cope sold her interests to another company and a check sent to Mills in 2007). Appellant attempts to use parol evidence to interpret what are unambiguous deeds. Appellant's evidence is not probative with regard to the sufficiency of the property descriptions at issue. *O'Herin v. Neal,* 56 S.W.2d 1105 (Tex.Civ.App. – Texarkana, writ ref'd). The essential elements of an instrument may never be supplied by parol. *Wilson v. Fisher*, 188 S.W.2d at 152. Only when a deed is subject to two different reasonable interpretations should the court consider the

circumstances surrounding its execution. *Remuda Oil Co. v. Wilson*, 264 S.W.2d 192 (Tex. Civ. App. – Galveston 1954, writ ref'd n.r.e.). In the case at bar, the parties do not present the Court with two reasonable interpretations of the deed – the county-wide property description are either sufficient, or they are not. *See Katz,* 265 S.W.2d at 688 and *Sun Oil,* 125 Tex. at 552-53. (County-wide deeds are not ambiguous). Accordingly, parol evidence is not admissible to interpret the deeds. Additionally, because the deeds are unambiguous on their face and contain adequate property descriptions, parol evidence is not admissible to create an ambiguity, and such parol was properly disregarded by implication by the trial court.

**Subsequent Purchase Offers, Checks, and Email Not Competent Summary Judgment Evidence of Sufficiency of Property Description in Deeds**

74. In light of the overwhelming authority upholding countywide deeds discussed herein, Appellant attempts to use the parol evidence of a letter to Cope from Appellees regarding an offer to purchase her interests, an email from Appellees indicating that Cope sold her interests to another company and a check sent to Grantor Mills in 2007. Appellant attempts to use parol evidence to interpret what is an unambiguous deed. Appellant's parol evidence is not probative with regard to the sufficiency of the property descriptions at issue. Parol evidence may be admitted for the limited purpose of identifying a property with a reasonable certainty from the data

in the instrument. *O'Herin,* 56 S.W.2d 1105. The essential elements of an instrument may never be supplied by parol. *Wilson,* 188 S.W.2d at 152. Only when a deed is subject to two different reasonable interpretations should the court consider the circumstances surrounding its execution. *Remuda Oil Co.,* 264 S.W.2d 192. In the case at bar, the parties did not present the trial court with two reasonable interpretations of the deed – the property description are either sufficient under (or as an exception to) the Statute of Frauds, or they are not. The uncontested authority cited by Appellees in support of blanket property descriptions established the deeds were unambiguous as a matter of law. Accordingly, the trial court did not err in rejecting this parol evidence to interpret the deeds and granting summary judgment in favor of Appellees on each deed.

IV. **The deeds in question contain blanket ("county-wide") property descriptions, specific survey-wide descriptions and a *separate and distinct* habendum or Mother Hubbard clause.**

75. Appellant persists in the erroneous argument that Appellees cannot take under the "catch all" Mother Hubbard Clause. The conveyances at issue contain both specific survey and general, county-wide property descriptions, as well as a *separate* habendum or "Mother Hubbard " clause. The validity of "blanket", "county-wide" or "all my property" descriptions is set forth at length hereinabove. *See* ¶¶ 42-57,

*supra*. In addition, Davis' summary judgment motion set forth the authorities which dictate that when the specific and general property description clauses do not conflict, or are not "repugnant", as the cases say, the deed complies with the statute of frauds. Appellant has neither alleged nor demonstrated from the record any repugnance between the general and specific descriptions in the deeds.

76.    Appellant's assertion that Appellees attempt to rely on the "cover all" clause to convey all the interests of the conveyances at issue in Harrison County, Texas to Appellees is patently false.

77.    Appellees do not and have never claimed the Mother Hubbard or habendum clauses in the deeds conveyed anything to Appellees. Appellant ignores the facts and misrepresent Appellees' position to this Court just as it ignores the voluminous case law supporting the 1991 deeds. Knowing his statute of frauds argument is a frivolous one, Appellant resorts to creating strawman arguments such as this.

78.    Each conveyance contains 1). a general blanket granting clause; 2). a specific granting clause; and 3). a "strips and gores" or habendum/Mother Hubbard clause.

79.    The general granting language, or county wide property description in the Cope conveyance reads as follows:

> "Grantor hereby conveys to Grantee all of the mineral, royalty, and overriding royalty interest owned by Grantor in Harrison County,

whether or not same is herein above correctly described[18]."

(CR 1826).

80. In the Cope conveyance, the specific granting clause contains survey and unit descriptions as follows:

". . . all of my interest in and to all oil, gas, and other minerals in, on, and under, and that may be produced from the following lands (the "Lands") . . . situated in the County of Harrison, State of Texas, to wit:

All of those certain tracts or parcels of land out of the following surveys in Harrison County, Texas described as follows:

1)      704.00 acres out of the G.W. PETTY, ET AL, A-582, ET AL, known as the "AMOCO PRODUCING COMPANY – JOHN HARRISON JR 'B'."

2).     671.260 acres out of the JOSEPH E WHITE, A–755, ET AL, known as the "AMOCO PRODUCING COMPANY – CHARLOTTE M HYNSON GAS UNIT."

3)      671.260 acres out of the JOSEPH E WHITE, A-755, known as the "AMOCO PRODUCING COMPANY-CHARLOTTE MORRIS HYNSON"

4)      704.00 acres out of the S.T. WATTS, A-739, known as the "PEAK ENERGY CORPORATION - WILIAM H LANE."

5)      644.200 acres out of the J.S. BELL, A-96, known as the "PEAK ENERGY CORPORATION - WILLIAM H LANE."

---

[18]This language is similar to language routinely used by Appellant. (*See* CR 1832-1833, CR 1834-1835, CR 1255, CR 1259 and CR 1263).

6) 704.00 acres out of the G. JOHNSON, ET AL, A-359, ET AL, known as the "AMOCO PRODUCING COMPANY - MCELROY-CHEATHAM UNIT."

7) 677.800 acres out of the HENRY VARDEMAN, A-726, known as the "KEY PRODUCTIONS COMPANY - BEN POPE ET AL."

8) 40.000 acres out of the S. SHOTO, ET AL, A-632-722, known as the "PETROLEUM PRODUCING MANAGEMENT - TR #34 BETH GR NO UT."

9) 43.000 acres out of the S. SHOTO, ET AL, A-632, known as the "PETROLEUM PRODUCING MANAGEMENT - TR #40 BETH GR NO UT."

10) 625.550 acres out of the E. A. MERCHANT, A-430, known as the "EP OPERATING COMPANY - WHITE-DAVID."

(CR 1826).

81. The third clause is a 'strips and gores" or habendum clause, which Appellees have never relied on to assert their interest in the property conveyed by the two 1991 deeds at issue. The "cover all" clause Appellant refers to reads as follows:

The "Lands" subject to this deed also include all strips, gores, roadways, water bottoms and other lands adjacent to or contiguous with the lands specifically described above and owned or claimed by Grantors."

(CR 1826).

82. The general granting language, or county wide property description in the Mills

conveyance reads as follows:

> "Grantor hereby conveys to Grantee all of the mineral, royalty, and overriding royalty interest owned by Grantor in Harrison County, whether or not same is herein above correctly described.[19]"

(CR 1828)

83.     In the Mills conveyance, the specific granting clause states:
". . . all of my interest in and to all oil, gas, and other minerals in, on, and under, and that may be produced from the following lands (the "Lands") . . . situated in the County of Harrison State of Texas, to-wit:

> All of those certain tracts or parcels of land out of the following surveys in Harrison County, Texas described as follows:

> 1)      704.00 acres out of the G. W. PETTY, ET AL, A-582, ET AL, known as the "AMOCO PRODUCING COMPANY - JOHN HARRISON JR 'B'."

> 2)      704.00 acres out of the G. JOHNSON, ET AL, A-359, ET AL, known as the "AMOCO PRODUCING COMPANY - MCELROY - CHEATHAM UNIT."

(CR 1828).

84.     The third clause is a 'strips and gores" or habendum clause, which Appellees have never relied on to assert their interest in the property conveyed by the two 1991 deeds at issue.  The "cover all" clause Appellant refers to reads as follows:

The "Lands" subject to this deed also include all strips, gores, roadways,

---

[19]This language is similar to language routinely used by Appellant.  (*See* CR 1832-1833, CR 1834-1835, CR 1255, CR 1259 and CR 1263).

water bottoms and other lands adjacent to or contiguous with the lands specifically described above and owned or claimed by Grantors."

(CR 1828).

85.    It is irrefutable that each deed contains both a general, county-wide granting clause, a specific survey description clause and a *separate and distinct* standard Mother Hubbard or habendum clause.  Appellees claim through the valid county-wide conveyance, not the Mother Hubbard clause.  Where the general property description broadens and enlarges the specific (here survey-wide) property description, and there is no repugnance between the specific and general, both are valid.  *See* discussion of *Katz* at ¶ 62.

86.    Two distinct lines of Texas cases apply to the interpretation of general descriptions in real property conveyances. The first line of cases, illustrated by *Holloway's Unknown Heirs v. Whatley*, and *Texas Consolidated Oils v. Bartels*, holds that a grantor may convey all of his interests in a specified geographic area by use of a "geographic grant."  When Mills and Cope conveyed "all of the mineral, royalty and overriding royalty interest owned by Grantor in Harrison County" they employed a geographic, blanket grant; under *Holloway's*, all of those mineral interests in Harrison County passed to Appellee. (The instruments at issue in these cases generally contain two grants -- a grant of one or more specifically described tracts followed by the

geographic, blanket grant. The Mills and Cope deeds each contain two grants.)The second line of cases includes *Jones v. Colle,* and many of the cases cited by Appellant. 727 S.W.2d 262 (Tex. 1987). The instruments in these cases include only a single grant followed by a strip and gore clause. Strip and gore clauses prevent the isolation of small strips of land contiguous to specifically-described parcels that were erroneously omitted from the specific description due to inaccurate surveys, misplacement of fence lines, and the like. Unlike blanket, county - wide grants, strip and gore clauses are not separate grants--they merely operate to correct mistakes made in specific descriptions. Under *Jones*, a strip and gore clause may convey only small strips of land adjacent to the specifically described tracts. Appellant is misguided in attempting to apply the *Jones* line of cases to the Mills and Cope deeds because the deeds at issue contain general, blanket grants, specific survey grants in addition to a strip and gore clause. The interpretation of Blanket grants is governed by the *Holloway's* line of cases, which have recognized and upheld blanket grants for over 120 years.

      **V.**     **The record does not demonstrate repugnance between the general ("county-wide") and specific (survey-wide) grants. Therefore, the general grant enlarges the specific**

87. **No Repugnance Means General, County-Wide Grant Expands the Specific Grant.** The general county-wide grants are adequate property descriptions in and of themselves to support valid deeds because the record is devoid of any showing of a conflict or repugnance between the general and specific granting clauses in the deeds. *See Sun Oil* at 446 and *Katz*, 265 S.W.2d at 688. The deeds at issue contain both a specific granting clause, identifying particular surveys, and the general, county-wide granting clause. Every part of an instrument should be harmonized and given effect, if it can be done. *Hancock v. Butler*, 21 Tex. 804, 806 (1858).

88. Courts should not give greater weight to either a general or a particular grant absent a repugnance between the two. *Cullers v. Platt*, 81 Tex. 258, 263-64 (1891). Because the specific unit, survey and abstract descriptions are each located in Harrison County, the specific and the general descriptions are harmonized. Accordingly the Court should give effect to both granting clauses. *See Holloway's Unknown Heirs*, 131 S.W.2d at 91-92.

89. Courts have applied the cannons of construction in cases with facts like those at issue in the case at bar. In *Holloway's Unknown Heirs*, Holloway conveyed additional land to Whatley in a deed with language stating, "If there is any other land owned by me in Liberty County, Texas . . . it is hereby conveyed". 131 S.W.2d at 90.

When a dispute arose as to whether the second deed, or general clause conveyed mineral interests received in the first deed, the Texas Supreme Court concluded that the intent expressed in the second deed by the grantor was to convey all of the land owned by him in Liberty County by a valid conveyance. *Id* at 91-92.

90.    *Sun Oil Co. v. Burns* addressed an oil and gas lease which contained both a specific description and a survey-wide description. 84 S.W.2d 442. The court ruled that the two grants, one specific and one survey-wide, needed no construction as they were not susceptible of more than one meaning. *Id.* at 444. The court ruled that the deed declared in plain and unmistakable terms the intent to include within the lease the land specifically described and any other land owned by lessor within the named surveys. *Id.*. **The court noted that a particular description only controls over a general description if there is a conflict or repugnance**. *Id.* at 446-47.

91.    The *Sun Oil* case is on point with the facts of this case and specifically recognizes the survey-wide grants of all Grantor's interest in the named survey as adequate under the Statute of Frauds. The *Sun Oil* court approved the blanket property descriptions, stating:

> In seeking to ascertain from the entire instrument the true intention of the parties as to the land to be affected by and included in the lease, we find that the instrument in describing the land leased sets out first by metes and bounds the 106.25-acre tract, and that this description is

immediately followed by the clause which states the intention of the lessor to include  within the terms of the lease, *not only "the above described land," but also any and all other land owned or claimed by the lessor in the survey or surveys in which "the above described land" is situated or in adjoining surveys and adjoining "the above described land."* This language needs no construction. It is not fairly susceptible of more than one interpretation. It not only shows, but it declares in plain and unmistakable terms, the intention of the grantor to include within the lease, not only the land particularly described, but also any other land owned or claimed by the lessor in the same survey or in adjoining surveys and adjoining the land particularly described.

*Sun Oil*, 125 Tex. at 552-553 (emphasis supplied).

92.    The *Sun Oil* case not only affirms the validity of a blanket conveyance which enlarges a specific conveyance, it declares such a grant **unambiguous**, in that it "is not fairly susceptible to one interpretation." *Id.*

93.    Relying upon and discussing *Holloway*, *Sun Oil* and *Katz*, the San Antonio Court of Appeals, in an unpublished opinion, ruled that a general granting clause which broadens a specific granting clause was unambiguous. *Garcia v. Garcia*, 2006 WL 1684742 (Tex. App. – San Antonio, June 21, 2006, pet. denied). The court rejected appellee's invocation of *J. Hiram Moore, Ltd. v. Greer*, reasoning that unlike the *Greer* case, there was no repugnance between the general and specific granting clauses in the deed at issue.  As in the *Garcia* case, no repugnance between the granting clauses in the deeds at issue has been demonstrated from the record by

Appellant because none exists. This Court should similarly reject Appellant's invocation of *Moore*.

94.     Appellant's reliance on the *Moore* case is misplaced. Appellant contends that the holding in the *Moore* case "indicates that if there is ambiguity, then the intent of the parties may be heard by a jury. (AB 10, 14, 18-19). This is a simplistic and mistaken reading of *Moore*. The *Moore* case is inapplicable to the facts of this case. In *Moore*, Grantor's deed contained two granting clauses which were repugnant. The deed contained a grant of all mineral interests in a particular unit and survey as well as a conveyance of all oil, gas and minerals in the county. *Moore*, 172 S.W.3d at 612. The problem with the Moore deed was that the named unit contained tracts in two different surveys, in one of which Grantor owned no interest. *Id*. at 614. The Court stated that because the specific grant described interests grantor did not own, "The deed in effect states that Moore conveys nothing, and that she conveys everything." *Id*. The court concluded that, because of this inconsistency a repugnance existed and as a result it could not construe the deed as a matter of law. Appellant has made no showing by competent summary judgment evidence that any repugnance or inconsistency whatsoever exists between the general and specific granting clauses in the deeds at issue. A party cannot draft a document any better or clearer than by

providing an express provision reciting in detail the specific intent of the parties. The general, county-wide grant of mineral interests only contains the "ample phrases" "all" and "whether or not the same is herein above correctly described" discussed in *Sun Oil*. *See* p. 23, n. 16. Thus, *Moore* is inapplicable to the facts of this case.[20] Accordingly, because Appellees' deeds contain valid general county-wide and specific survey-wide descriptions, the trial court did not err in granting summary judgment in favor of Appellees and denying Appellant's Motion for Partial Summary Judgment.

**Appellant's argument that an ambiguity exists is based, in part, on a misinterpretation of the *Allison* case. (AB 13-15, 17)**

95. The deed in *Allison* was ambiguous because the specific grant covered only the minerals in a certain tract while the general description conveyed full fee title (surface and minerals) in the same tract. *Smith v. Allison*, 157 Tex. 220, 224-225, 301 S.W.2d 608, 611-12 (1956). The court found the two clauses to be in conflict and repugnant to each other, and incapable of being harmonized to show the intent of the parties. No such problem exists in the case at bar because the general, county-wide granting

---

[20] While it does not apply to the facts of this case because the specific and general granting clauses in the deeds at issue do not conflict, the *Greer* holding is an oddity that should be construed narrowly within the facts of the case. Justice Hecht, concurring, stated "The dissent discerns no principle in the Court's decision, but there is one, and a very reasonable at that: hard cases make bad law." Justice Hecht further cautioned that "**it only rarely happens that general grants can not be given literal effect**..."(emphasis supplied).

clause only purports to convey all the minerals owned by each grantor in the county, and not the surface estate. *See* (CR 1826 and CR 1826) and ¶¶24-25. The trial court correctly considered the intent language and other language in the deeds to determine the deed were not ambiguous.

> ### VI. Appellant, who is not in privity with Appellees, has no standing to challenge the deeds at issue based on alleged misconduct or lack of consideration

96.    It is undisputed that Appellant is a third party to the deeds. As a matter of law Appellant has no standing to challenge the deeds based on misconduct (fraud, duress, etc.). Additionally, Appellant as a third party to the deeds has no standing to challenge the deeds based on failure or lack of consideration as a matter of law. **One who is not in privity with grantee has no standing to set aside a conveyance for fraud, undue influence, or failure of consideration.** *See Berger v. Berger,* 578 S.W.2d 547, 549 (Tex.Civ.App.Houston [1st Dist.] 1979, no writ).

97.    Appellant is not a party to the deeds, therefore, he has no standing to raise intent of parties and inject parol evidence. The four corners of each deed either contains a valid legal description or they do not.

98.    It is well-settled in Texas that a deed or other agreement that fails to comply with the Statute of Frauds is, as between the parties to that deed or agreement, at

worst voidable. It is not void. *See Eland Energy, Inc. v. Rowden Oil & Gas, Inc.,* 914 S.W.2d 179, 186 (Tex. App. - San Antonio 1995, writ denied). Consequently, ***someone not a party to that deed or agreement has no standing to challenge its enforceability****. See Madera Prod. Co. v. Atlantic Richfield Co.,* 107 S.W.3d 652, 662 (Tex. App. - Texarkana 2003, no pet.); *Davis v. Campbell,* 524 S.W.2d 790, 794 (Tex. Civ. App. - Dallas 1975, no writ). Summary judgment on Appellant's fraud and failure of consideration, and voidness claims were properly granted based upon Appellant's lack of standing. *See Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 444 (Tex. 1993)(standing is necessary component of court's subject matter jurisdiction and cannot be waived).

99.     Even if Appellant somehow has standing to challenge the sufficiency of the property description in the conveyances, he still does not have standing to invalidate those conveyances based on misconduct (fraud, duress, undue influence, etc.) supposedly committed by Appellees. *See Nobles v. Marcus,* 533 S.W.2d at 927 (Tex. 1976) (**"A suit to set aside a deed obtained by fraud can only be maintained by the defrauded party."**); *Smith v. Carter,* 45 S.W.2d 398, 400 (Tex. Civ. App. - Texarkana 1931, writ dism'd)(fraud, duress, wrongful influence does not render deed void, "but merely voidable," and **may be raised only by person defrauded or**

**wrongfully influenced**). Because of their lack of standing, Plaintiffs in *Smith* were precluded from arguing on appeal that the deeds should be set aside based on fraud, duress, undue influence, etc. *See Id.*

> **VII. None of Appellant's authorities challenge or distinguish the authorities upholding county-wide/blanket conveyances.**

**A.** **Several of the authorities cited by Appellant, in fact, support the compliance of county-wide/blanket property description with the statute of frauds**

100. All the cases relied on by Plaintiff merely state the test to determine if a conveyance's property description satisfies the Statute of Frauds. None of the cases address the overwhelming and long standing authority cited by Appellees upholding county and survey-wide conveyances as unambiguous expressions of the intent of the parties adequate to convey the real property interests. Not one of the cases cited by Appellant addresses the issue of a blanket property description conveying all of Grantor's mineral interests in the State, a named county, or named survey or abstract[21]. Appellant's reliance on the cases he cites is misplaced because the property descriptions in those cases are not similar to the language in the conveyances at issue in this case in they are not blanket county-wide or survey-wide descriptions and there is no repugnance between the specific and the general granting clauses.

---

[21]Appellant addresses *Sun Oil v. Burns*, *see* discussion at ¶ 56, fn. 16.

Appellant's Brief constitutes an alarming lack of candor to this honorable Court in that it does not even acknowledge that the cases he cites requiring specific metes and bounds property descriptions are subject to the exception of blanket description conveying all property in a clearly defined area. (AB 10-16). *See Dauley*, 535 S.W.2d at 628. Most of the cases cited by Appellant address descriptions which attempt to convey an undefined smaller tract out of a larger tract, which is not at issue in this case.

**Cases Cited by Appellant - Do Not Address Exception of Blanket Descriptions**

101.    *Wilson v. Fisher,* (AB 11) cited by Appellant, is distinguishable. 144 Tex. 53, 188 S.W.2d 150 (Tex. 1945). In *Wilson* the Supreme Court of Texas found that a conveyance of a house was insufficient where the contract did not mention the county, city or state where the house was located and there was no mention of the owner of the property. *Id* at 56 . A description consisting of all Grantor's interests in the state or a named county was not at issue. In fact, the court in *Wilson*, albeit in dicta, recognized the validity of a blanket conveyance. *Wilson*,188 S.W.2d at 153.

102.  In *Pick v. Bartel* (AB 10) the conveyance at issue was insufficient because there was no reference to an existing writing to describe the servient estate relating to an easement, no owner was stated, a county, city or town was not mentioned, and

there was no lot or block number in the deed to identify the property. 659 S.W. 2d 636, 638 (Tex. 1983). This case is inapplicable to the case at bar. This case does not address a property description consisting of all of Grantor's interests in the state or a named county. Appellee's deeds conveying all Grantor's interests identify Harrison County and specific surveys.

103.   *Matney v. Odom* (AB 11) is not applicable to the case at bar. 147 Tex. 26, 210 S.W.2d 980, 982 (Tex 1948).  *Matney* addresses the conveyance of an unspecified tract of land out of a larger tract.  *Id* at 28-29.  Additionally, the court ruled that the property description in the instrument, a lease agreement with an option to purchase, did not state that Grantor owned the larger tract.  Because this case does not address a countywide conveyance of all Grantor's interests in the State or a named county, it is inapplicable to the case at bar.

104.   The Texas Supreme Court has cited *Matney* and other cases for the proposition that deeds containing property descriptions without boundary lines, beginning points or other means by which the property can be located are often held insufficient to meet the Statute of Frauds.  *See U.S. Enterprises, Inc.*, 535 S.W.2d at 628. **In *U.S. Enterprises* the Texas Supreme stated that deeds like that in *Texas Consolidated Oils v. Bartels,* where a grantor conveys all interests owned by him in the state**

**or a named county, as an exception to the general rule stated in *Matney*.** *Id.*

105. *Republic National Bank of Dallas v. Stetson* (AB 11-12) is not applicable to the case at bar. 390 S.W.2d 257 (Tex. 1965). *Republic* addresses purported conveyances in acknowledgments of tenancy. *Id* at 259. The purported conveyance contained a legal description and did not specify the county in which the land was situated. *Id* at 260. Because the case did not address a conveyance of all Grantor's interests in a named county it is inapplicable to the case at bar.

106. *Jones v. Kelly* (AB 10) concerned the construction of four documents comprising the sale of real property. 614 S.W.2d 95,97 (Tex. 1981). The Court ruled that, construed together, the four documents provided an adequate property description. Because this case does not address a conveyance of all Grantor's interests in a named county or survey, it is inapplicable to the case at bar.

107. *Fears v. Texas Bank* (AB 11) considered a conveyance which contained a property description referring to a smaller tract within a larger tract. 247 S.W.3d 729 (Tex. App.– Texarkana 2008, pet. den'd). Like the Court in *Matney*, the *Fears* Court ruled that without proper identification of what portion of the larger tract was being conveyed, the property description was insufficient and vague. *Id* at 737-738. *Fears*, like *Matney*, is inapplicable to the case at bar. The general description at issue is not

an unidentified portion of a larger tract, as in *Fears* but rather all property owned by Grantor in Harrison County and specific surveys, and thus valid under the long line of cases affirming county-wide property description cited herein.

108.  *Douglass v. Texas-Canadian Oil Corp.* (AB 12) is not applicable to the facts of the case at bar in that it does not address a grantor conveying all of his interests in a defined geographic area.  141 Tex. 506, 174 S.W.2d 730 (1943)*.*  The property description at issue in *Douglass* case consisted of a draft stating "subject to full lease on 74.2 ac lease. . . .[f]or 37.1 acres of land in Wood County, Texas Value Received and Charge the same to Account. . .."  *Id*.  The conveyance in *Douglass* does not purport to be a conveyance of all of grantor's interest in a defined geographic area.  Moreover, the primary issue addressed in the case was whether a lease contract attached to the memorandum was sufficient to satisfy the statute of frauds.  *Id.*  The Court ruled that it was not, because the documents did not show their connection by their own contents.  *Id* at 731.  Because this case does not even address a blanket property description, it should be disregarded as irrelevant to the issues on appeal.

109.  *Jones v. Carver,* (AB 12) like the foregoing cases cited by Appellant, does not address a blanket or recital of ownership conveyance of property in a defined area.  59 Tex. 293 (1883).  The instrument at issue was a bond which stated "The condition

of the above obligation is such, that whereas the said Carver has sold unto said Smith *a piece of land, supposed to be forty acres*, for $160, $150 of which is paid, the balance, at $4 per acre, to be paid when a deed is made. . ." *Id* at 294 (emphasis supplied). No where in this opinion does the Court address this conveyance as a recital of ownership or a blanket description. The Court states "The only part of the instrument sued upon bearing upon the description of the land is "a piece of land supposed to be forty acres." It is not stated out of what grant it is to be taken, or that it is an entire grant; nor is it even stated in what county or state the land is situated." *Id*. at 294. As this case does not address valid blanket property descriptions, it is not persuasive authority and should be disregarded.

110. *Pfeiffer v. Lindsay* (AB 12) involves the construction of a Sheriff's deed describing land sold on execution as "fifty acres of the J. M. Moss survey, situated in Montague county, Texas, abstract No. 462, situated near the town of September Fort, Montague county, Texas, and described as beginning, etc." 66 Tex. 123, 124, 1 S.W. 264 (1886). The Sheriff's deed at issue was determined to be an insufficient property description in that no one could tell what the shape of the 50 acres was, nor in what part of the Moss survey it was situated. *Id.* at 124. This case does not address a blanket property description. Had the Sheriff's deed contained a property

description of all property owned by Mr. "X" in Montague County, Texas, a different result would have been reached. That is not the case. Accordingly, *Pfeiffer* is not applicable to the facts in the case at bar.

111. In *Smith v. Sorrelle* (AB 12) the description was an undefined "100 acres out of Blocks 8 and 9 of the subdivision of Jose Maria Pineda Survey, which was patented to Adolphus Stern, Pat. 608, Vol. 2, three miles North of Gladewater, Texas." 26 Tex. 353, 355, 87 S.W.2d 703, 703-04 (1935). No attempt was made to define the land by filed notes. *Id* at 358. A deed which purports to describe only by quantity and being a portion of a larger tract, with nothing more to identify that specific portion of the larger tract that is intended to be conveyed, is void for lack of certainty. *Id.* at 705-706. Nowhere in the *Sorrelle* opinion does the Court address a blanket property description purporting to conveying all property within a defined geographic area. Accordingly, like the other cases cited by Appellant, *Sorrelle* is not applicable to the case at bar.

112. *Stekoll Petroleum Co. v. Hamilton* (AB 11) does not address a blanket property description. 152 Tex. 182, 255 S.W.2d 187 (1953). The contract for sale at issue in *Stekoll* contained the clause ". . .Sellers hereby grant to Buyer as a part of the consideration for the first contract an option to acquire said leases on 4,000 of the

5,000 acre block No. 2 hereinabove referred to, said 4,000 acres to be selected by Buyer leaving Sellers 1,000 acres equitably checkerboarded in a fashion similar to the checker-boarding in the first block above identified. . ." *Id*. at 189. The Court did rule on a blanket property description. Rather, the Court ruled that the above description made uncertain and indefinite the land on which the Petition was to acquire the lease and which land was to be left to Respondents. *Id*. at 191. The Court relied on cases stating that when a deed gives to the grantee a tract of land of so many acres to be selected by him out of a larger body owned by the grantor, the grantee does not acquire a present title, but acquires an equitable right to make the selection and therefore become owner of the tract selected, "but the equitable right may be lost by delay in making the selection." *Id.* (internal citations omitted). Because the case before this Court does not present a situation where a grantor conveys a right to make a future selection of undetermined acreage, the *Stekoll* case has no bearing on issues in this appeal and should be disregarded accordingly.

113. *Tidwell v. Cheshier* (AB 11) is inapplicable to the case before this Court for several reasons. This case addresses the sufficiency of the writing to support collection of brokerage fees by a realtor under the Real Estate Dealers License Act at the time of the decision. 153 Tex. 194, 265 S.W.2d 568 (1954). Once again, this

case cited by Appellant addresses the situation where an undefined smaller tract of land out of a larger tract of land are identified in the property description. *Id*. at 569. No where in Appellees deed does the description purport to convey a smaller portion out of a larger portion. On the contrary, Appellees deeds contain survey wide and valid blanket county-wide property descriptions.

114. *Morrow v. Shotwell* (AB 10-11) is yet another case where an insufficient description of a smaller tract out of a larger tract does not satisfy the statute of frauds. 477 S.W.2d 538 (Tex. 1972). No where in this case does the court address a blanket, recital of ownership deed conveying all of the grantor's interest in a defined geographic area. Accordingly, this case is inapplicable to the issues before this Court.

115. *AIC Mgmt. v. Crews* (AB 10) focuses on whether the County Court at Law in Harris County, Texas had subject matter jurisdiction with respect to a title dispute, regardless of the amount in controversy. 246 S.W.3d 640, 643-644 (Tex. 2008). Of the many cases cited by Defendant that do not address blanket property descriptions at all, this does address such descriptions in that AIC, the purchaser of a tract of land from the County after a tax foreclosure, claimed they took title through a valid blanket property description. *Id.* at 648-49. The problem presented to the court was

not the enforceability of blanket property descriptions, but rather the dimensions of the "defined geographic unit" from which the grantors "involuntary" transfer was made was constantly changed by the Harris County Appraisal District. *Id.* Accordingly, the Supreme Court reversed this part of the judgment and remanded for further proceedings to determine whether the Harris County Appraisal District records showed the defined geographic units of "tract 12 as clearly drawn on a map." *Id* at 649. In the case before this Court there is no such issue as the geographic territory of Harrison has not changed since 1991.

116. The *Dixon v. Amoco Prod. Co.* (AB 10, AB 12) Court's holding supports what Appellees contend – that the sufficiency of a legal description in any instrument transferring a property interest is a question of law for the Court and does not present fact questions. 150 S.W.3d 191, 194 (Tex. App.—Tyler 2004, pet. denied). The Court, agreeing with Amoco, held that the property description was sufficient. *Id.* In reaching its decision the Court said the un-rebutted testimony of the surveyor witness that the property could be identified with reasonable certainty. *Id*. at 195. The issue of the blanket or recital of ownership description was not at issue, and is therefore, not applicable to the issues at bar.

117. *Jones v. Colle*, (AB 14) addresses whether a large (in this case 73% of the

acreage conveyed in the lease) could be conveyed under a Mother Hubbard clause. 727 S.W.2d 262 (Tex. 1987). As detailed at ¶¶ 75-86, Appellees do not claim under a Mother Hubbard clause, but rather claims under the separate valid county-wide grant. Accordingly, this case is not applicable to the case at bar.

118. *Smith v. Allison* (AB 13-15 and AB 17) is also inapplicable to the case before this Court. In *Allison,* the instrument "conveyed by specific description an undivided 1/2 interest in the oil, gas, and other minerals in and under the southeast 1/4th and the northwest 1/4th of Section 124, Block 25." 157 Tex. 220, 221, 301 S.W.2d 608, 610 (1956). Following the specific description was what the Court determined to be an ambiguous general granting clause. *Id.* Unlike in the case at bar, the general granting clause was not a blanket property conveyance. Additionally, Appellant fails to recognize the Texas Supreme Court's ruling that where there is no repugnance between the specific and general granting clause, there is no ambiguity. *Id*. at 612. The *Allison* Court discusses *Lauchheimer v. Saunders* (27 Tex. Civ. App. 484, 65 S.W. 500 (1901, no writ)) in which a deed of trust and deed described certain parcels of land conveyed and also contained a general clause that grantor was conveying "all of his real estate in Coryell County, whether described or not, except his homestead." *Id.* **The Texas Supreme Court held that there was ". . . no repugnancy between**

**to two matters of description**. . . ." *Id.*(emphasis supplied). The specific and general descriptions in *Lauchheimer* are not unlike the specific and general descriptions in the case at bar. Appellant's reliance on *Allison* is misplaced, and this Court should instead follow the Texas Supreme Court's analysis in *Lauchheimer*.

119. *Windsor v. Loyd*, (AB 13), is another case cited by Appellant which supports Appellees' position. 191 S.W.2d 521 (Tex. App. – Texarkana 1945, writ ref'd). The *Windsor* Court states that when "there is no ambiguity in the instrument and the provisions set out are not repugnant or conflicting, there arises no occasion for harmonizing them." *Id*. at 523. In *Windsor,* the specific description was unambiguous and the general description was found to be ambiguous. *Id.* That is not the case in the case at bar. The blanket, county-wide language expands upon the specific property description in each 1991 deed, and the general geographic area – Harrison County – is unambiguous.

120. *Sun Oil Co. v. Bennett* (AB 13-14) is a case involving a question of mutual mistake. However, like the two cases cited previously, *Bennett* is beneficial to Appellees. 125 Tex. 540, 84 S.W.2d 447 (Comm'n App. 1935). Language in the conveyance that included ". . . not only the above described land, but also any and all other land owned or claimed by lessor in said survey or surveys in which the above

described land is situated or in adjoining surveys and adjoining the above described land" was intended to include the 2.59 acre tract that was in controversy in the conveyance. *Id.* at 448. The Court, relying on the reasoning in *Sun Oil Co. v Burns*, held that the "land in controversy in the lease to Sun Oil Company clearly and unmistakably appears from the language of the lease." *Id.* at 449. The court stated "When once negotiations have ripened into a written instrument executed by the parties, and the instrument is plain and unambiguous, the agreement and the intention of the parties . . . are to be determined by the court as a matter of law." *Id.* at 451. The two 1991 conveyances at issue in the case at bar were determined as a matter of law to be valid county-wide conveyances.

121. *Peacock v. Schroeder* (AB 13) is inapplicable to the case at bar because it involved a lease wherein the Mother Hubbard clause was struck from the lease and a question arose regarding easements. 846 S.W.2d 905 (Tex. App.—San Antonio 1993, no writ). The *Peacock* case does not discuss a blanket county-wide conveyance like the ones in the case at bar. Therefore, the *Peacock* case is not applicable to the case at bar and should not be considered by this Court.

> **VIII. Appellant was on Notice of the Entire Contents of the Deeds Upon Filing of the Deeds in 1991 Pursuant to Texas Property Code §13.002**

122. The Texas Supreme Court's recent ruling in *Cosgrove v. Cade*, 14-0346, 2015 WL 3976719 (Tex. June 26, 2015) which reversed a Fort Worth Court of Appeals decision[22] contrary to the Texarkana Court of Appeals' decision in *Trahan v. Mettlen*, 428 SW 3d 905 (Tex. App- Texarkana 2014, no pet.) removes any doubt that Appellant's claims accrued the deeds were filed, rendering all of his claims (other than the claim the deeds are void) decades beyond all applicable statute of limitations. The *Cosgrove* case also confirms that Texas Property Code §13.002 imputes notice of the harm claimed by each third party, including Appellant *upon filing in the real property records* (and thus accrual of all causes of action negating any attempted use of the "discovery rule"). *Cosgrove,* 2015 WL 3976719 at *3-4. The *Cosgrove* decision holds that because knowledge of the contents of the deed is imputed to all third parties, *as a matter of law,* Appellant cannot demonstrate that the injury of which they complain could not be discovered with the exercise of due diligence. *Id.*

## IX. SANCTIONS FOR FRIVOLOUS APPEAL

123. This Court has the authority under Texas Rule of Appellate Procedure 45 to impose damages for filing a frivolous appeal. Rule 45 states:

If the court of appeals determines that an appeal is frivolous, it may –

---

[22]*Cade v. Cosgrove*, 430 S.W.3d 488 (Tex. App.—Fort Worth 2014), review granted (Jan. 30, 2015), rev'd, 14-0346, 2015 WL 3976719 (Tex. June 26, 2015).

on motion of any party or on its own initiative, after notice and a reasonable opportunity for response -- award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

Tex. R. App. P. 45.

124. Rule 45 gives wide discretion to the court of appeals in concluding that an appeal is frivolous. *See, e.g., Smith v. Marshall B. Brown, P.C.*, 51 S.W.3d 376, 381 (Tex. App.--Houston [1st Dist.] 2001, pet. denied) ("*We hold that bad faith is not required under Rule 45* and disavow language to the contrary in *Fair Deal, Parker, Swate* and *Morua*.")(Emphasis supplied) (internal citations omitted).

125. Appellant could have no reasonable expectation that the judgment would be reversed based on existing law. *See Compass Expl., Inc. v. B-E Drilling Co.*, 60 S.W.3d 273, 279-80 (Tex. App. – Waco 2001, no pet.); *Mid-Continent Cas. Co. v. Safe Tire Disposal Corp.*, 2 S.W.3d 393, 397 (Tex. App. – San Antonio 1999, no pet.). Appellant has willfully ignored over one hundred twenty (120) years of precedent that states the county-wide/blanket property descriptions in the deeds at issue in this case are unambiguous and enforceable. Appellant's primary contention - that county-wide conveyances *per se* are violative of the statute of frauds is without basis in law.

126.  This Court, like it's sister courts, should not tolerate the filing of a frivolous appeal. *See, e.g., Smith v. Brown*, 51 S.W.3d 376, 382 (Tex. App. - Houston [1st Dist.] 2001, pet. denied). As the *Smith* Court explained:

> The right to appeal is a most sacred and valuable one .... However, [w]e will not permit spurious appeals, which unnecessarily burden parties and our already crowded docket, to go unpunished. Such appeals take the court's attention from appeals filed in good faith, wasting court time that could and should be devoted to those appeals. No litigant has the right to put a party to needless burden and expense or to waste a court's time that would otherwise be spent on the sacred task of adjudicating the valid disputes of Texas citizens.

*Id.* at 381 (quoting *Bradt v. West*, 892 S.W.2d 56, 78-79 (Tex. App. - Houston [1st Dist.] 1994, writ denied)) (citations omitted).

127.  In addition, Appellant has raised issues contrary to established principles of law without submitting a legitimate argument for those rules of law to be changed. *Brandt v. West*, 892 S.W.2d 56, 79 (Tex. App. – Houston [1st Dist] 1994, writ denied); *see Owen v. Jim Allee Imps., Inc.,* 380 S.W.3d 276, 291 (Tex. App. – Dallas 2012, no pet.); *Bullock v. Sage Energy Co.*, 728 S.W.2d 465, 468-69 (Tex. App. – Austin 1987, writ ref'd n.r.e). Having ignored all contrary authority and citing cases which address the rule to which blanket descriptions are the exception (or satisfy) the statute of frauds, Appellant makes no attempt to argue that blanket property descriptions should no longer be deemed adequate to satisfy the statute of frauds.

128. Numerous courts of appeals have assessed sanction damages against appellants for bringing appeals that were frivolous. Some of those sanctions have been assessed under the current Rule 45, with its broader authority for courts of appeals to find that an appeal is frivolous, and some were under the stricter standard of the former Rule 84. Several of the older cases are included below as a guide for some of the aspects that can help a court conclude that an appeal is frivolous, even though the Court no longer restricted by those precedents. As the First Court of Appeals observed in *Smith*, because of the substantive change from former Rule 84 to current Rule 45, "bad faith is no longer dispositive or necessarily even material to deciding whether an appeal is frivolous." 51 S.W.3d at 381. In *Smith*, the appellant provided no authority to show why his underlying case was not barred by res judicata. 51 S.W.3d at 382. The First Court of Appeals concluded that the appeal was objectively frivolous and that "no reasonable attorney could fail to conclude this court would uphold the trial court's . . . judgment." *Id*. (citing *Mid-Continent Cas. Co. v. Safe Tire Disposal Corp.*, 2 S.W.3d 393, 396-97 (Tex. App.--San Antonio 1999,. no pet.) (internal quotation marks omitted). Likewise, Appellant has provided no authority to support his position that "[t]he court erred when it did not hold that the conveyances from Ms. Cope and Mr. Mills to Appellee in 1991, which do not contain

legally sufficient property descriptions, are void as a matter of law. The Appellee has admitted in admissions that the conveyances do not contain a metes and bound description, nor a Volume and Page reference to a prior document that was filed in County Clerk's office in Harrison County, Texas. According to the Statute of Frauds these deeds are void as a matter of law." (AB 8-9).

129. This Court has recognized the same standard, ruling that "after considering the record, the briefs and other papers filed, Rule 45 of the Texas Rules of Appellate Procedure permits us to award 'just damages'". *Lee v. Aurora Loan Services, LLC,* No. 06-08-00077-CV, 2009 WL 167067, *2 (Tex. App.—Texarkana Jan. 27, 2009, no pet.)(unpublished opinion) (internal citations omitted). This Court ruled that an appeal is frivolous if it was brought with no reasonable grounds to believe that the trial court's judgment would be reversed. *Id. citing Solares v. Solares*, 232 S.W.3d 873, 883 (Tex. App. – Dallas 2007, no pet.) and *Keith v. Solis*, 256 S.W.3d 912, 919-20 (Tex. App. – Dallas 2008, no pet.).

130. This Appeal is nothing more than a disingenuous attempt by Appellant", to continue to avoid the adverse consequences of the trial court judgment and recklessly run-up costs and fees for Appellee Mr. Davis. Despite well-established case law in Texas explicitly dictating to the contrary, Appellant continues to claim that blanket

property descriptions are violative of the statute of frauds because the do not contain metes and bounds descriptions or refer to a filed instrument that does. (AB 8-9). Appellant has cited at least nineteen (19) prior rulings of the Supreme Court of Texas, the Fifth Circuit Court of Appeals, and intermediate appellate courts which have already directly addressed this issue. The great majority of said authorities were brought to the attention of Appellant in filings in the trial court. (CR CR 392-637, CR 1015-1133, CR 1193-1201, and CR 1939-1955).

131. In filing this Appeal, Appellant is *blatantly disregarding* the referenced prior rulings cited by Appellees to the trial Court. Appellant's brief does not even deign to reference, much less argue against or distinguish, all of the authorities supporting the blanket descriptions in the deeds except one. The one decision Appellee cites he blatantly misrepresents to this Court. *See* discussion of Appellee's citation to *Sun Oil v. Burns* page 25, fn 16. Conversely, Appellant fails to cite to *one* case which holds counter to the authorities cited by Appellee sanctioning blanket property descriptions.

> **X.** **If the answer to Issue No. IX is in the affirmative, "just damages" to be awarded Appellees in defending this frivolous appeal under Rule 45 is Appellees' attorneys and costs incurred responding to the Appeal**

132. In light of the foregoing, Appellant's Appeal of the Judgment is frivolous in that Appellant has clearly ignored well-established precedent in Texas regarding

blanket property descriptions, and has now raised questions entirely contrary to well-established principles of law without legitimately arguing for a change in the law. *See Owen*, 380 S.W.3d at 291. This Court, therefore, should award Appellees damages in the amount of their reasonable and necessary attorneys' fees incurred as a result of defending this Appeal.

133. As detailed herein, Appellant has failed to even address the voluminous authorities sanctioning the blanket property descriptions at issue as sufficient to satisfy the statute of frauds. Accordingly, Appellant had no reasonable grounds to believe that the trial court's judgment would be reversed, and this Appeal is patently frivolous. The filing of this frivolous appeal has cause Appellees to expend time, money, effort and other resources to defend this appeal.

134. Where an appeal is found to be frivolous, discretionary sanctions may be awarded. *Lee*, *Id. citing Wallingford v. Trinity Universal Ins. Co.,* 253 S.W.3d 720, 728 (Tex. App. – Amarillo 2007, pet. denied).

135. In addition to removing the bad faith requirement, the previous limit on the amount of sanctions that can be imposed has been repealed. Tex. R. App. P. 45, comment to 1997 change. Although Rule 45 does not prescribe a method for determining the amount of the "just damages," courts typically award as

frivolous-appeal damages the reasonable attorney's fees and related expenses incurred by the appellee as a result of the appeal. *Riggins v. Hill*, 2015 WL 293270, at *5 (Tex. App. - Houston [14th Dist] Jan. 22, 2015, no pet.); *Hunt v. CIT Grp./ Consumer Fin., Inc., No.* 03-09-00046-CV, 2010 WL 1508082, at *9 (Tex. App. - Austin Apr. 15, 2010, pet. denied) (mem. op.).

136.   Pursuant to this Court's opinion in *Lee* and the cases cited therein attached hereto as Appendix Tabs 1 and 2 are the affidavits of Appellees' attorneys, Douglas D. McLallen, Sr. and Marshall Wood. The affidavits establish that Appellees have incurred $25,999.74 in reasonable and necessary attorneys' fees and costs responding to this appeal. Each affidavit is restricted to fees and costs incurred solely for the appeal and not for any fees earned or costs for litigation in the trial court[23]. Proof by affidavit is a proper method of establishing the appropriate sanction for the filing of a frivolous appeal. *Lee*, *Id., citing Tex. State Taekwondo Ass'n v. Lone Star State Taekwondo Ass'n*, No. 08-01-00403-CV, 2002 WL 1874852 at *3 (Tex. App. – El Paso 2002, no pet.)(not designated for publication)(citing *Smith v. Brown*, 51 S.W.3d at 381). Proof by affidavit is a proper method of establishing the amount of frivolous-appeal damages to be awarded, although some courts have awarded

---

[23]All fees and costs detailed were incurred since Appellant filed its notice of appeal (CR 2137-38).

damages under Rule 45 even without such evidence. *See Hunt*, 2010 WL 1508082, at *9 (also citing cases).

137.  As established by the undersigned and co-counsel's Affidavits, the Appellee incurred $ 25,999.74 in reasonable attorney's fees and related expenses in responding to Mark Mueller's opening brief. Tabs 1 and 2. At a minimum, this amount should be awarded to the Appellees as frivolous-appeal damages pursuant to Rule 45. *Riggins*, 2015 WL 293270, at *5; *Hunt*, 2010 WL 1508082, at *9. Should the Appellees incur additional attorney's fees and related expenses as a result of Mark Mueller's appeal, those amounts should also be awarded to the Appellees as frivolous-appeal damages.[24]

138.  Accordingly, it is requested that Appellee be awarded reasonable and necessary costs and attorneys' fees incurred defending this frivolous appeal in the amount of $25,999.74.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellees respectfully requests this Court to uphold the trial court's Order granting Appellees' summary judgment against

---

[24]For example, such amounts would include the reasonable attorney's fees and related expenses incurred by the Appellees' as a result of (1) additional appellate filings made by Mark Mueller, or (2) preparation for oral argument of Mark Mueller's appeal, should argument be granted.

Appellant. Appellees further request this Court find that after considering the record, the briefs and other papers filed, Appellant filed a frivolous appeal and Appellees are entitle to "just damages" in the amount of $25,999.74. Appellees also asks the Court for any other relief to which they may be justly entitled.

Respectfully submitted,

**ANDERSON, LEHRMAN, BARRE & MARAIST, L.L.P.**
Gaslight Square
1001 Third Street, Suite 1
Corpus Christi, Texas 78404
Telephone: (361) 884-4981
Telecopier: (361) 883-4079
Email: dmclallen@albmlaw.com

By: /s/ *Douglas D. McLallen*
Douglas D. McLallen
State Bar No. 00788025

**Marshall C. Wood**
State Bar No. 00797690
Norton & Wood, LLP
315 Main Street
Post Office Box 1808
Texarkana, Texas 75504
Telephone: (903) 823-1321
Facsimile: (903) 823-1325
Email: marshall@nortonandwood.com

Attorneys for Appellees

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count of Appellees' Brief is 14,990 words as counted by the word processing software used by Appellees.


/s/ *Douglas D. McLallen*
Douglas D. McLallen


## CERTIFICATE OF SERVICE

I certify that on August 17, 2015, a true and correct copy of Appellees' Brief was served on counsel of record as indicated below.

Mr. Bob Whitehurst                                    ***Via Email:*** whitehurstlawfirm@yahoo.com
Whitehurst & Whitehurst
Attorneys at Law
5380 Old Bullard Road, Suite 600, #363
Tyler, Texas 75703


/s/ *Douglas D. McLallen*
Douglas D. McLallen

# APPENDIX

# TAB 1

NO. 06-14-00100-CV

IN THE COURT OF APPEALS
FOR THE SIXTH DISTRICT OF TEXAS

MARK MUELLER
Appellant

v.

JAMES H. DAVIS, INDIVIDUALLY AND D/B/A JD MINERALS
AND JDMI, LLC
Appellees

Appeal From the 71st Judicial District Court
of Harrison County, Texas
Cause No. 11-0858
The Honorable Brad Morin Presiding

ATTORNEY FEES AFFIDAVIT OF MARSHALL C. WOOD

STATE OF TEXAS    §
                §
COUNTY OF BOWIE  §

BEFORE ME, the undersigned authority, on this day personally appeared Marshall C. Wood, who, upon his oath deposed and stated as follows:

1.    My name is Marshall C. Wood. I am above the age of 18, am competent to make this affidavit, and have personal knowledge of the facts stated herein. The facts stated herein are true and correct.

2.    I am an attorney licensed to practice in the State of Texas. I am an attorney of record for Appellees in the above styled cause.

3.    I am familiar with the reasonable and customary charges for legal services in Bowie and Harrison Counties, and the State of Texas for an appeal of

the type involved in this lawsuit. Appellees have agreed to pay me a reasonable hourly attorney fee of $285.00 per hour, and paralegals $115.00 per hour. Appellees have also agreed to reimburse my firm Norton & Wood, L.L.P. for the costs expended in the prosecution of this lawsuit. This rate is a reasonable rate for the type of matter involved and the skill required to perform the legal services properly.

4.     Appellees have incurred costs of $659.00 in defending this appeal.

5.     I have charged Appellees on an hourly basis and not on a contingent fee basis for the matters pertaining to this appeal. The acceptance of this particular employment did not preclude other employment by me.

6.     Appellees have necessarily incurred attorney's fees and expenses (exclusive of court costs) in the defense of this matter to my firm in the amount of $6,860.50. This amount is a reasonable amount of fees and expenses for the type of work performed and the actual services performed for Appellees in this matter. The legal services that I provided to Appellees were necessary to the appeal of this lawsuit. The amount of time spent by me on this case was reasonable and necessary to the response to this appeal.

7.     It is the regular course of practice of my firm to make billing records at or near the time of each act, event, condition or opinion set forth in the record. The records were made by, or from information transmitted by, persons with knowledge of the matters set forth. The records were kept in the course of regularly conducted business activity. It is the regular practice of the business activity to make the records.

FURTHER AFFIANT SAYETH NOT.

_____
Marshall C. Wood

Subscribed and sworn to before me on this ⎿4th day of August, 2015.

_____
Notary Public, State of Texas

WANDA LORICE SIMON
Notary Public
STATE OF TEXAS
My Comm. Exp. June 10, 2016

# TAB 2

NO. 06-14-00100-CV

IN THE COURT OF APPEALS
FOR THE SIXTH DISTRICT OF TEXAS

MARK MUELLER
Appellant

v.

JAMES H. DAVIS, INDIVIDUALLY AND D/B/A JD MINERALS
AND JDMI, LLC
Appellees

Appeal from the 71st Judicial District Court
Of Harrison County, Texas
Cause No. 11-0858
The Honorable Brad Morin Presiding

ATTORNEY FEES AFFIDAVIT OF DOUGLAS D. MCLALLEN, SR.

STATE OF TEXAS        §
                      §
COUNTY OF NUECES §

BEFORE ME, the undersigned authority, on this day personally appeared
Douglas D. McLallen, Sr., who, upon his oath deposed and stated as follows:

1.      "My name is Douglas D. McLallen, Sr. I am above the age of 18, am
competent to make this affidavit, and have personal knowledge of the facts stated
herein. The facts stated herein are true and correct.

2.      "I am an attorney licensed to practice in the State of Texas. I am an
attorney of record for Appellees in the above styled cause.

3.      "I am familiar with the reasonable and customary charges for legal
services in Bowie and Harrison Counties and the State of Texas for an appeal of

the type involved in this lawsuit. Appellees have agreed to pay me a reasonable hourly attorney fee of $250.00 per hour and Paralegals $125.00 per hour. Appellees have also agreed to reimburse my firm Anderson, Lehrman, Barre & Maraist, L.L.P. for the costs expended in the prosecution of this lawsuit. This rate is a reasonable rate for the type of matter involved and the skill required to perform the legal services properly.

4.    "Appellees have incurred costs of $39.85 in defending this appeal.

5.    "I have charged Appellees on an hourly basis and not on a contingent fee basis for the matters pertaining to this appeal. The acceptance of this particular employment did not preclude other employment by me.

6.    "Appellees have necessarily incurred attorney's fees and expenses (exclusive of court costs) in responding to this Appeal to my firm in the amount of $18,440.42. This amount is a reasonable amount of fees and expenses for the type of work performed and the actual services performed for Appellees in this matter. The legal services that I provided to Appellees were necessary to respond to the appeal of this lawsuit. The amount of time spent by me on this case was reasonable and necessary to the response to this Appeal.

FURTHER AFFIANT SAYETH NOT.

_____
Douglas D. McLallen, Sr.

STATE OF TEXAS                  §
                                §
COUNTY OF NUECES                §

Subscribed and sworn to before me on this 14th day of August, 2015.

CONSUELO FLORES
Notary Public
STATE OF TEXAS
My Comm. Exp. 10-22-2016

_____
Notary Public, State of Texas